REYNOLDS *v.* REYNOLDS.

Decided January 23, 1892.

1. *Part payment.   Consideration — Release.*
   Part payment is no consideration for the release of a debt already due.

2. *Minor — Improvements — Rents.*
   While a minor cannot be improved out of his property, one who has made permanent improvements on a minor's land is chargeable for such rents only as the land would have yielded without the improvements.

   S C—24

CROSS-APPEALS from *Randolph* Circuit Court.
JAMES W. BUTLER, Judge.

*J. C. Hawthorne* for appellant.

1. Appellee was entitled to the land as a homestead from the date of the marriage of her mother until she was 18 years of age, then the mother or her tenant was entitled to 1ents until dower was assigned. 34 Ark., 63; 40 *id.*, 393. After dower assigned appellee was entitled to two-thirds of the rents, and the widow to one-third.

2. The agreement should have been admitted. It was a reasonable adjustment of their claims, and there is nothing to show undue influence, nor was there any trust relation between the parties. Mere inadequacy of consideration is not sufficient ground for cancelling a contract. 64 N. Y., 596; 42 *id.*, 362. The real consideration may always be shown by either party. 95 N. Y., 575; 38 *id.*, 263. Where there is any consideration for a contract, its adequacy cannot be questioned at law. 33 Ark., 97; 34 *id.*, 663.

3. The agreement can be upheld on the ground that it was executed to prevent litigation. 1 Pars., Cont., 468: 2 Penn. St., 531; 43 *id.*, 172. A compromise of a disputed claim will be sustained by the courts. 61 N. Y., 623; 100 N. Y., 226; 78 N. Y., 334.

4. Appellee accepted the $65 and cannot retain the consideration and disregard the contract. 86 N. Y., 75; 76 N. Y., 36; 99 N. Y., 611; 11 N. E. Rep., 764.

5. Three years rents are all appellee could recover. Mansf. Dig., sec. 2646. There is no exception in favor of infancy. 48 Ark., 184.

*P. H. Crenshaw* and *S. A. D. Eaton* for appellee.

1. On the widow's marriage her rights in the homestead ceased. Const. 1868, art. 12, secs. 4 and 5. Plaintiff was a minor until she reached the age of 21. Gould's Dig., ch. 81, sec. 1. The repeal by Mansf. Dig., sec. 3464, could not cut off her right.

2. A minor cannot waive or abandon her homestead

·rights.   29 Ark., 633; 47 Ark., 449, 456.   Her right was :superior to dower or quarantine.   54 Ark., 9; 51 *id.*, 335.

3.   The agreement was a mere *nudum pactum* and prop-·erly excluded as a flimsy attempt to defeat a minor's home-.stead right.   25 Ark., 107 ; 41 *id.*, 309; 38 *id.*, 428.

4.   There is no showing that appellant believed himself, ·in good faith to be the owner, under color of title, and Mansf. Dig., secs. 2644–6 is not applicable.   Nor is 48 Ark., 184.

5.   Betterments are allowed against a minor's home-.stead only to the extent they have enhanced the rental val-·ue.   37 Ark., 316; 29 *id.*, 633; 47 *id.*, 445.

Hughes, J.   On the 16th day of May, 1890, the appellee brought this action to recover of appellant lands de-scribed in her complaint.   The appellant admitted that the .appellee was the owner of the lands, and stated that the ap-pellee's father died in 1873, leaving him surviving his widow and the appellee ; that no dower had been assigned the widow; that she remained in possession of the land until 1880, when she placed appellant in possession ; that, on the 30th day of January, 1890, the appellant entered into a ·contract with the appellee, in which it was agreed that he should use and cultivate the land, and pay a certain part of the rent therefor, and that the appellant paid the appellee ·sixty-five dollars in satisfaction of back rents.   He claimed $600 for improvements, sixty-five dollars for taxes, and de-nied that the appellee had sustained damages by reason of .his possession.

The evidence showed that the appellee's father died in-·testate in 1872, occupying the land in question as a home-.stead, leaving him surviving his widow, America Reynolds, and the appellee ; that the widow afterwards married B. R. Hale, and that in the year 1880 she placed the appellant in possession of the land ; that the rents on the land since ap-pellant was placed in possession and the gross receipts of .rents by appellant were $1160; that appellant had paid

taxes on land $65 and $600 in making necessary repairs and improvements of a permanent nature. The appellant then identified and offered to read in evidence the written agreement referred to in his answer, which the court refused to permit to be read as evidence in the case, to which appellant excepted. The agreement is as follows:

"An article of agreement made and entered into by and between D. W. Reynolds, of the county of Randolph and State of Arkansas, of the first part, and Annie B. Reynolds, of Hood county, Texas, party of the second part, Witnesseth, that whereas the said parties hereto have an interest each in a farm in Cherokee Bay, described as follows: The south half of the northwest quarter of section four, township nineteen north, range three east, and D. W. Reynolds has possession of and all benefits of same, made all improvements and paid all taxes. Now the said Dennis Reynolds agrees that the said Annie B. Reynolds shall have one-half of all rents collected after the taxes and repairs are paid from the first day of January, 1890, until the first day of January, 1899, this contract to be void at the death of Annie B. Reynolds' mother. And the said Annie B. Reynolds agrees to and accepts the above in full of all back rents up to this date.

"Given under our hands and seals on this 30th day of January, 1890.

."D. W. REYNOLDS,<br>"ANNIE B. REYNOLDS."

"Attest: GEORGE W. SEITZ."

The defendant then offered to prove by his own testimony that he paid the plaintiff $65 in satisfaction of the back rents on the land; that he would not have paid the same if the plaintiff had not signed the contract. The court refused to allow the evidence to go to the jury, to which the defendant excepted. The defendant testified that the plaintiff was a female, and was 18 years old 12th of October, 1889.

The court instructed the jury as follows: "The court instructs the jury that the plaintiff is entitled to recover a

reasonable rental value for the land in controversy from the time the defendant entered into the possession thereof, less taxes paid by him and the amount expended in all needful repairs and improvements." To the giving of which the defendant saved exceptions.

The defendant filed a motion for a new trial and assigned as errors: The refusing to permit the defendant to read as evidence the agreement entered into between the parties on the 30th of January, 1890, in reference to the rents, etc.; the refusing to permit the defendant to introduce evidence to the effect that about the 31st day of January, 1890, the defendant paid plaintiff $65 in satisfaction of back rents due on land in controversy, and the giving of the first instruction. The motion for a new trial was overruled, the defendant saved exceptions and prayed an appeal, which was granted.

The plaintiff also excepted to the giving of said instruction and asked the court to give to the jury the following instruction, which was refused: " The land in controversy being a minor's homestead, the defendant is only entitled to recover on his improvements to the extent that they have enhanced the rental value of the premises." And the plaintiff at the time saved exceptions to the ruling of the court in refusing to give said instruction. Plaintiff also filed a motion for a new trial, and assigned as errors: First, the court's allowing evidence of value of improvements made on a minor's homestead; second, the giving of the instruction set out and excepted to by appellee; third, the refusal of the court to instruct the jury as asked by plaintiff; fourth, the verdict of the jury was contrary to the law and evidence. This motion for a new trial was overruled, exceptions saved by plaintiff, and an appeal prayed and granted in her behalf.

There was no errror in the court's refusal to allow the written agreement offered by appellant to go to the jury as evidence, as the facts in the case, in connection with the instrument itself, show there was no consideration for the agreement, moving from the appellant to the appellee. It

1. Part payment no consideration for release.

was no compromise of a disputed claim, because appellant had no claim against appellee; he paid nothing and did nothing, except that he claims that he paid $65 in full sat-- isfaction of $1160, less what he was entitled to for im- provements. The agreement upon the part of the appel-- lant did not transcend the dignity of conceding to appellee rights that were indisputably hers without the agreement. If the payment of $65 had been proven, it could not have satisfied a debt eight or ten times that amount, which was due from appellant to appellee at the time. This payment, if proven, could have gone only as a payment *pro tanto* and not as an extinguishment for the whole, for be- yond the payment there could have been no consideration for such a claim. There was no gift to appellant of the bal- ance due, and it was not so considered or treated. In *Fitch* v. *Sutton,* 5 East, 230, Lord Ellenborough said: " There must be some consideration for the relinquishment of the residue; something collateral, to show a possibility of benefit to the party relinquishing his further claim; other- wise the relinquishment is *nudum pactum.*" It was held in this case that £17 10s could not be satisfaction for a debt of £50. *Cavaness* v. *Ross,* 33 Ark., 572; *Gordon* v. *Moore,* 44 Ark., 349; *Heaslet* v. *Spratlin,* 54 Ark., 185.

**2. Liability of minor for im- provements.** Should the instruction given by the court have been re- fused, and the one asked by the appellee, and refused by the court, have been given? One is substantially the converse of the other. The one refused asserts : " The land in controversy being a minor's homestead, the defendant is only entitled to recover on his improvements to the extent that they have enhanced the rental value of the premises." In the case at bar there is no proof that the improvements enhanced the rental value of the land. What proof there is on that point rather tends to show that they did not. An occupant is always allowed the value of necessary repairs. In *McCloy & Trotter* v. *Arnett,* 47 Ark., 456, Judge Smith says : " Minors cannot be improved out of their homestead. The constitution gave them the unqualified right, out of high

considerations of public policy; and the legislature could not annex conditions to its enjoyment. Otherwise any disseisor, entering under semblance of title, might effectually deprive them of their estate by placing upon the land improvements of greater value than their rents could amount to during the term of their occupancy. The defendants are entitled to set off their improvements against rents only to the extent that by the expenditure of their labor and money they have enhanced the rental value of the land. In other words, they are not to be charged with the increased rents which are directly traceable to their own reparations and meliorations, but only such rents as the property would have yielded without the improvements." The rule that should govern in such cases is very clearly and satisfactorily stated by Judge Hemingway in *Robertson* v. *Read*, 52 Ark., 381, which is that the occupant of the land " is chargeable with such sums as are a fair rent for the premises ; but he should not be charged an increased rent, caused by improvements upon the land for which he is denied compensation. Justice is done by charging him with the rent which the land would have yielded without his improvements. To the extent that the rental value is increased by them he should not be held to account."

For the error in refusing the instruction asked by appellee, as herein set out and referred to, the judgment is reversed, and the cause is remanded for a new trial.