## Carl WIDMER v. PRICE OIL CO., INC.

5-4424                                          421 S. W. 2d 885

### Opinion delivered December 18, 1967

*Carl Widmer,* pro se.

*Warner, Warner, Ragon & Smith,* for appellee.

Lyle Brown, Justice. Carl Widmer brings this appeal from a judgment on a credit card account. The case originated in the Fort Smith Municipal Court. Widmer appealed from judgment there and the circuit court tried the case on stipulated facts. On appeal here Widmer contends (1) that service had upon him was void on its face, and (2) that there was accord and satisfaction.

1. *Widmer's motion to quash service.* His right to raise that point here has been waived. Widmer waived a jury, stipulated the facts based on the disagreement over accord and satisfaction, and asked the court to

"render a decision without trial or further hearings." At no stage of the proceedings did he ask the circuit court to rule on his contention that the service of summons was void. He failed to insist on a ruling, he filed answer, and consented to a trial on the merits. By those actions he waived the motion. *Street* v. *Shull*, 187 Ark. 180, 58 S. W. 2d 932 (1933); *Hill* v. *McClintock*, 175 Ark. 1059, 1 S. W. 2d 564 (1928). Also see 60 CJS Motions, § 42. In the stipulation Widmer "reserves all of his rights and privileges and reasserts that he has never been legally summoned herein." Evidently the quoted insertion was thought to vest in Widmer the right to raise the question on appeal here. Irrespective of that reservation, he did not ask the trial court to rule on the point before submitting the case on the merits.

2. *Appellant's plea of accord and satisfaction.* Price Oil Company alleged Widmer owed a stated amount on account and sued him on November 23, 1966. One week after service of summons, Widmer sent Price a check for approximately one-fifth of the alleged account. The notation, "full payment of all accounts to date," was written on the face of the check. *No controversy between the parties preceded the mailing of the check.* Price did not cash the check, nor was it returned to Widmer. However, Price's course of action conclusively shows that it had no intention of accepting the check as payment. The parties have regularly met in court on the issue of the debt since December 12; that was only 12 days after Widmer mailed the check.

In accord and satisfaction there must be a disputed amount involved and a consent to accept less than the claimed amount in settlement of the whole. *Jewell* v. *General Air Conditioning Corp.*, 226 Ark. 304, 289 S. W. 2d 881 (1956); *McMillan, Adm'r.* v. *Palmer*, 198 Ark. 805, 131 S. W. 2d 943 (1939); *Reynolds* v. *Reynolds*, 55 Ark. 369, 18 S. W. 377 (1892).

In *Nordlinger* v. *Libow*, 240 N.Y.S. 193 (1930), the creditor actually cashed a check marked "full settlement

of any and all claims." The check was for an amount smaller than a debt about which there had been no dispute. There the court held the notation to be a mere nullity. "It is elementary," said the court, "that to establish an accord and satisfaction by the payment of a lesser amount than that claimed to be due there must be a bona fide dispute as to the amount."

Did Widmer's check amount to his disputing the correctness of the claim, or did he think Price would not go to the expense of pressing in court a claim for the difference? The fact is that Widmer's answer does not deny he actually owed the full amount demanded; he merely pleaded accord and satisfaction as a conclusion.

The trial court based its judgment against Widmer on a finding that the creation of the indebtedness claimed by Price was not denied. It was found that the defense was based solely on the formality of sending a check to Price and marking "full payment" thereon. We are unable to say the trial court's finding was erroneous.

Affirmed.