**BIll HODGES, d/b/a Hodges Truck Co., Inc., Plaintiff in Error,**

v.

**ANDERSON DRILLING CO., Inc., a Corporation, Defendant in Error.**

**No. 42215.**

Court of Appeals of Oklahoma,
Division No. 71.

Dec. 30, 1969.

Grove & Winters, by Robert G. Grove, Oklahoma City, for plaintiff in error.

John M. Mee, J. Steve Anderson, III, Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, for defendant in error.

POWERS, Judge.

This is an action by Plaintiff in Error, Bill Hodges d/b/a Hodges Truck Co., Inc., who was the plaintiff below, against Defendant in Error, Anderson Drilling Co., Inc., a corporation, who was defendant below, for a money judgment on account for services rendered. The parties will be referred to as they appeared in the trial court.

The defendant answered by general denial, admitting that plaintiff rendered the services, but alleging that the amount charged was improper, unreasonable and unconscionable, and further pleading an accord and satisfaction. The cause was tried to a jury and the jury returned a verdict for the defendant. From order overruling plaintiff's motion for new trial, the plaintiff takes this appeal.

The plaintiff contends in his appeal that the trial court erred (1) in permitting the defendant to offer evidence supporting the defense of accord and satisfaction, (2) in admitting testimony of the defendant over the objection of the plaintiff, and (3) in instructing the jury on the defense of accord and satisfaction.

Primarily the question to be resolved on this appeal is whether the defendant

properly pleaded an affirmative defense of accord and satisfaction.

The defendant pleaded in its answer that it had refused to pay the account sued upon for the reason that the amount charged was improper, unreasonable and unconscionable; that the plaintiff agreed with the defendant that if the defendant would give the plaintiff additional work, the indebtedness sued for would be satisfied and the dispute resolved; that the defendant contracted with plaintiff to do the additional work; that the plaintiff · completed the work as agreed, and charged the defendant for such additional work and the indebtedness sued for herein, the sum of $5,264.48, which sum the defendant paid the plaintiff and the plaintiff received and accepted in full satisfaction of his claim herein.

The plaintiff contends that there are three elements necessary to constitute an accord and satisfaction: (1) liability of the defendant; (2) agreement of the amount to be paid; and (3) the acceptance of this agreement in settlement of the original dispute, citing Swift & Co. v. Colvert, 127 Okl. 80, 259 P. 844. See also Gunn v. Fryberger, 71 Okl. 170, 176 P. 248.

Plaintiff argues that neither the answer of the defendant nor the opening statement of defendant's counsel on trial of the case, nor the proof offered allege or prove that a subsequent contract was entered into between plaintiff and defendant for a sum certain; that the only allegation and proof is that the plaintiff gave defendant further work; that there was not a meeting of the minds between the defendant and plaintiff's agent and no "agreement of amount to be paid" sufficient to sustain a defense of accord and satisfaction.

■ We do not believe that the cases of Swift & Co. v. Colvert, supra, and Gunn v. Fryberger, supra, place such a limited construction upon the elements of accord and satisfaction. The phrase "agreement of the amount to be paid" as used in said cases, was merely the court's way of saying that a contract designed to satisfy the dispute was necessary. Where the agreement in accord and satisfaction provides for a payment of money, then, under said cases, the sum must be a sum certain. The court in said cases was not trying to limit the type of contract or consideration necessary. Where a consideration is a promise to perform an act, rather than to pay a sum of money, it is nevertheless sufficient to support an accord and satisfaction.

■ An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement. (1 C.J.S. Accord & Satisfaction § 1, p. 462; Continental Gin Co. v. Arnold, 52 Okl. 569, 153 P. 160; Gasper v. Mayer, 171 Okl. 457, 43 P.2d 467; Finley & Lollar v. Dean, 184 Okl. 456, 88 P.2d 366; Britton v. Adams, 186 Okl. 319, 97 P.2d 567; R. J. Bearings Corp. v. Warr, 192 Okl. 133, 134 P.2d 355)

■ A plea of defense setting up accord and satisfaction must allege some consideration for the agreement, or, in other words, that plaintiff obtained something of value by the new agreement, although the money value of the thing given need not be stated. Where defendant pleads payment and acceptance of a smaller sum in satisfaction of a larger liquidated or undisputed sum, it is necessary to allege some new consideration. If there is no consideration other than the mutual concessions of the parties, a plea of accord and satisfaction alleging payment and acceptance of a less amount in satisfaction of a larger amount claimed must allege that the amount of indebted-

ness was unliquidated and in dispute. (1 C.J.S. Accord & Satisfaction § 47, p. 553; Britton v. Adams, supra)

 To sustain a defense of accord and satisfaction it is not required that all contracts of accord and satisfaction must involve the payment from defendant to plaintiff of a "sum certain". It is only required, under the authorities heretofore cited in this opinion, that the defendant undertakes to give or perform, and the plaintiff to accept in satisfaction of a disputed claim, something other than or different from what he considers himself entitled to, and an execution of such agreement.

In this case, the defendant contracted with the plaintiff to give the plaintiff additional work. The plaintiff received the advantage of the contract for additional work. This advantage was sufficient consideration to uphold the contract involving accord and satisfaction. It was a benefit to the plaintiff. We, therefore, conclude that the defendant's answer properly alleged, and the evidence sustained, an accord and satisfaction.

Plaintiff's only contention under his second proposition is that since the defense of accord and satisfaction was not properly pleaded, the defendant was not entitled to offer evidence in support of this defense. Since we hold that the defense of accord and satisfaction was properly pleaded, we therefore hold that it was proper for the trial court to admit testimony in support of such pleading.

In his third proposition, the defendant contends that the court erred in giving instructions to the jury on the defense of accord and satisfaction contending only that defendant failed to properly plead and prove such defense. No question is raised as to the proper form of the instructions given by the court. We have examined the evidence, and the proof sustains the allegation of an accord and satisfaction. It was, therefore, proper for the trial court to instruct the jury on this defense.

The judgment of the trial court is therefore affirmed.

WILLIAMS, P. J., and HERT, J., concur.