MADEMOISELLE FASHIONS, INC. *v.*
BUCCANEER SPORTSWEAR, INC., A Subsidiary
of PALM BEACH, INC.

CA 83-238                                     668 S.W.2d 45

Court of Appeals of Arkansas
Division I
Opinion delivered April 18, 1984

*Willis V. Lewis,* for appellant.

*Francis T. Donovan,* for appellee.

JAMES R. COOPER, Judge. This appeal arises from a delinquent account owed the appellee by the appellant. The appellant ordered items of clothing from the appellee. The appellant received the merchandise it ordered, but was dissatisfied with the quality or condition of several of the items. Upon bringing this to the appellee's attention, the appellant received a credit from the appellee for several items. The appellee billed the appellant for the amount owed on the shipment, less the credits given for the nonconforming goods. The appellant sent a check to the appellee in the amount of $11,520.00 which contained the following language: "Invoices 6832-6833 & 6508 This represents any & all debt paid in full." The amount the appellant owed the appellee on invoice number 6832 was the amount of this check, $11,520.00. When no further payments on the appellant's account were received, the appellee instituted this action to collect the amounts it alleged were owing on the remaining invoices, $3,633.29. The appellant answered, setting up the defense of accord and satisfaction. The appellant argued that there was a dispute as to the amount owed by the appellant on its account with the appellee, and its act in tendering the check with the above quoted language, and the appellee's acceptance of it, amounted to an accord and satisfaction. The trial court rejected this argument and found there was no accord and satisfaction. Thus, judgment was rendered in favor of the appellee for the amount prayed for. From that decision, comes this appeal.

In *Widmer* v. *Price Oil Co.,* 243 Ark. 756, 421 S.W.2d 885 (1967), the court stated, "[I]n accord and satisfaction there must be a disputed amount involved and consent to accept less than the claimed amount in settlement of the whole." (citations omitted). Also, as stated by the court in *Camfield Tires, Inc.* v. *Mosely,* 253 Ark. 585, 487 S.W. 2d 268 (1972), quoting from 1 Am. Jur. 2d, *Accord and Satisfaction,* § 1:

> . . . there must be an offer in full satisfaction of the obligation, accompanied by such acts and declarations as amount to a condition that if it is accepted, it is to be in full satisfaction, and the condition must be such that the party to whom the offer is made is bound to understand that if he accepts it, he does so subject to the condition imposed.

In the case at bar, the appellant asserts that there was a dispute between the parties as to the amount owed. The appellee testified that after giving the appellant credit for the merchandise rejected, the amount owed on the appellant's account was then established. After these adjustments were made on the account, and were accepted by the appellant, we feel that there could be no good-faith basis for the appellant to then dispute the amount owed to the appellee and the appellant's act of writing on the check that it represented "any & all debit paid in full" did not have the effect of discharging the remaining debt on the appellant's account. Obviously, the trial court was of the same belief. Although the appellant's president, Don Wilkerson, testified that the amount the appellant owed the appellee was disputed, the appellee testified to the contrary. The trial judge, sitting as the finder of fact, decided this issue against the appellant and we cannot say that his decision was clearly erroneous or against a preponderance of the evidence. ARCP Rule 52 (a).

The fact that the amount of the check tendered to the appellee was the exact amount owed on invoice number 6832 tends to support the finding that the language on the check was not such as would place the appellee on notice, or, as stated in *Camfield Tires, supra,* was not such an act and declaration that if accepted by the appellee, would be accepted as full satisfaction of the debt. Rather, we feel that the employee of the appellee who received this check would naturally consider this check as payment for invoice number 6832, as there was no knowledge of a dispute as to the other amounts owing on the appellant's account and the employee's act of accepting the check and depositing it, cannot be held to constitute an acceptance as full satisfaction of the debt owed by the appellant to the appellee.

We find no error in the ruling of the trial court as to the issue of accord and satisfaction and therefore affirm.

Affirmed.

CORBIN and CRACRAFT, JJ., agree.