DYKE INDUSTRIES, INC., d/b/a DYKE BROTHERS *v.*
Mike WALDROP

CA 85-15 697 S.W.2d 936

Court of Appeals of Arkansas
Division I
Opinion delivered October 23, 1985

126

*Warner & Smith*, for appellant.

No response.

LAWSON CLONINGER, Judge. The sole issue in this single-brief appeal is whether an accord and satisfaction had been reached in a contract dispute. We hold that the evidence fails to support the trial court's finding of accord and satisfaction, and we reverse and remand this matter.

Appellant, Dyke Industries, Inc., supplied appellee, Mike Waldrop, with materials for a house appellee was building for his sister, Brenda Wilson. For several years appellee had done business with appellant and had maintained an open account. During construction, Wilson made payments on her brother's account; these were delivered to appellant's office by appellee.

On February 8, 1984, Wilson mailed a check to appellant in the amount of $2,699.51 and added a notation stating "Customer No. 1525—Wilson Job—Paid in Full." Before cashing the check, appellant notified appellee by three letters that the account was not paid in full. The balance outstanding, as of June 20, 1983, was $1,218.34. Appellant was informed by Wilson that she had written a check dated July 8, 1983, to her brother in the amount of $1,218.34. This payment was never received by appellant, and at trial appellee denied that he had ever received the check from his sister.

Appellee did not dispute the amount appellant claimed was owed but insisted that he had neither received nor cashed the check. Appellant filed suit against appellee for $1,347.90, a figure representing the total amount owed, plus interest and costs. The trial court held that because the check of February 8, 1984, bore the notation "Paid in Full," an accord and satisfaction had been reached and appellee owned no money. From the judgment for appellee, this appeal arises.

An accord and satisfaction generally involves a set-

tlement in which one party agrees to pay and the other to receive a different consideration or a sum less than the amount to which the latter is or considers himself entitled. *Jewell* v. *General Air Cond. Corp.*, 226 Ark. 304, 289 S.W.2d 881 (1956). Before there can be an accord and satisfaction, there must be a disputed amount involved and a consent to accept less than that amount in settlement of the whole. *Widmer* v. *Gibble Oil Co.*, 243 Ark. 735, 421 S.W.2d 886 (1967). Acceptance by a creditor of a check offered by the debtor in full payment of a disputed claim is an accord and satisfaction of the claim. *Pillow* v. *Thermogas Co. of Walnut Ridge*, 6 Ark. App. 402, 644 S.W.2d 292 (1982).

■ At trial, appellee acknowledged that he had "no reason to doubt" that the amount appellant claimed was owing on the account was accurate. Hence, there was no dispute concerning the amount of the debt. In *Widmer* v. *Gibble Oil Co., supra,* the Arkansas Supreme Court held that a check bearing the notation "full payment of all accounts to date" which was cashed by the creditor did not constitute an accord and satisfaction in the absence of evidence that the debtor denied that he actually owed the full amount demanded. The court quoted with approval the following passage from 6 Corbin on Contracts, § 1277:

> It is not enough for the debtor merely to write on a voucher or on his check such words as "in full payment" or "to balance account," where there has been no such dispute or antecedent discussion as to give reasonable notice to the creditor that the check is being tendered as full satisfaction.

In the instant case, appellant had no notice from appellee or his sister, through either dispute or discussion, that the February 8, 1984, payment would be final.

■ Appellee asserted at trial that he didn't owe the balance because he had not paid any of the bills throughout the period of construction. Yet there was evidence that his sister had written him a check on July 8, 1983, for the amount owed as of June 20, 1983. Moreover, payments were made on appellee's open account, for which appellee was ultimately responsible. The third party's assumption that she had paid the account in full could not absolve appellee of liability when he did not dispute the claim.

128

Under Rule 52(a), A.R.C.P., we do not set aside findings of fact unless they are clearly erroneous, *i.e.*, clearly against the preponderance of the evidence. Due regard is given the opportunity of the trial court to judge the credibility of the witnesses. Despite our deference to the trial court on questions of witness credibility, in view of appellee's own admission of an absence of dispute, we hold that the finding by the trial court that there was an accord and satisfaction absolving appellee of his debt is clearly against the preponderance of the evidence.

Reversed and remanded for proceedings not inconsistent with this opinion.

GLAZE and COOPER, JJ., agree.