Vernon HOLLAND *v.* FARMERS & MERCHANTS BANK

CA 85-434 711 S.W.2d 481

Court of Appeals of Arkansas
Opinion delivered June 18, 1986

120

*Taylor & Watson*, by: *W.H. Taylor*, for appellant.

*Everett & Whitlock*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the granting of a motion for directed verdict. The appellant, Vernon Holland, was sued by the appellee, Farmers & Merchants Bank of Prairie Grove, Arkansas, for $32,599.76 alleged to be due as principal and interest on a promissory note. Holland answered, pleading the affirmative defense of accord and satisfaction.

At trial, the bank's president testified that the note was secured by a security agreement on some cattle owned by Holland; that he had given Holland permission to sell some of the cattle and to take the money received and credit it on the note; that this was done and he received a check for $7,700.00, but there was no agreement to take this amount in full satisfaction of the note. On the other hand, Mr. Holland testified that there was an agreement between himself and the bank's president under which the cattle would be sold and the amount received would be paid to the bank in full satisfaction of the note. He testified that the bank sent the purchaser of the cattle out to his place, that the bank made the agreement to sell the cattle for $7,700.00, and that the purchaser gave him the check and he gave it to the president of the bank.

At the conclusion of the above testimony, the bank moved for a directed verdict for the amount due on its note, and the court granted the motion on the basis that Holland's defense of accord and satisfaction had failed because the alleged agreement was not supported by consideration.

 Appellant, having pled accord and satisfaction, had the burden of sustaining the plea. *Salem School District No. 30 v. Unit Structures, Inc.*, 232 Ark. 939, 341 S.W.2d 50 (1960). The essential elements necessary for accord and satisfaction are: proper subject matter, competent parties, an assent or meeting of the minds of the parties, and consideration. *Fleming* v. *Cooper*,

225 Ark. 634, 284 S.W.2d 857 (1955). In *Lilly* v. *Verser*, 133 Ark. 547, 553, 203 S.W. 31 (1918), the court stated:

> In the instant case, the payment and acceptance constituted an accord and satisfaction irrespective of whether the note and mortgage were surrendered or whether a written receipt or release was issued, because under the common law and American authorities property given and accepted in payment of a debt constituted an accord and satisfaction thereof.

Quoting from *Lamberton* v. *Harris*, 112 Ark. 503, 166 S.W. 554 (1914), the court in *Lilly* went on to state:

> The delivery of property to the creditor and the performance of services by the debtor for the creditor which are received and accepted by the creditor in satisfaction of his debt, and which are of benefit to him, no matter how small the value may be, is a sufficient consideration to support an accord and satisfaction.

■■ We think the testimony in this case very clearly presented an issue of fact on what the agreement was between the parties, and if the agreement was as testified by the appellant, it was supported by consideration. Since there was an issue of fact to be decided, the case should not have been disposed of by directed verdict.

Reversed and remanded.

COOPER and GLAZE, JJ., agree.