Jack E. HARDISON and Gloria D. Hardison v.
Michael JACKSON and Cathy Jackson

CA 93-382                                            871 S.W.2d 410

Court of Appeals of Arkansas
Division II
Opinion delivered March 2, 1994

*Jeff Duty*, for appellants.

*Matthews, Campbell & Rhoads, P.A.*, by: *George R. Rhoads* and *Richard J. Stocker*, for appellees.

JOHN MAUZY PITTMAN, Judge. Appellees, Michael and Cathy Jackson, sued appellants for $1,200.00, which they alleged was due them on their contract to paint appellants' house. The trial court awarded appellees judgment for this amount together with $1,500.00 in attorney's fees after finding appellants had not proved their defense of accord and satisfaction. On appeal, appellants claim that the trial court erred in not holding that appellees' acceptance of appellants' check of $460.50 operated as an accord and satisfaction of their claim against appellants. They also argue that the court erred in awarding attorney's fees. Appellees con-

tend on cross-appeal that the attorney's fees awarded them were unreasonably low. We agree with appellants and therefore reverse on appeal. Because the issue raised by appellees then becomes moot, we dismiss the cross-appeal.

On September 30, 1991, appellees submitted an oral bid of $2,450.00 to paint the inside of appellants' house. The bid was accepted by appellants, and they advanced appellees $750.00 of their fee. After appellees began painting the house, a dispute arose as to whether certain work was included within the parties' agreement and when the work was to be completed. Appellants contend they were forced to cancel an open house because the work was not completed by an October 12 deadline. Appellees argue, however, that the painting was completed by October 6. There was also a dispute regarding the quality of appellees' work and the amount of work that was included in the agreement.

On October 19, appellee Mike Jackson attended the auction of appellants' house in order to be paid the remainder of appellees' fee. Appellants' real estate agent, Larry Boling, met with Jackson and advised him that appellants refused to pay him any more money but later returned and told him that appellants had agreed to pay him $500.00. After some discussion, Jackson agreed to take appellants' check for $460.50.[1] Jackson was then given a check on which was written "Pd. in full for painting." Several days later, Jackson scratched out the "Pd. in full" notation and inserted the words "Mike Jackson payment not made in full" and cashed it.

Appellees later filed suit for the $1,200.00 balance they alleged was due them under the parties' oral agreement. Appellants defended that appellees' acceptance of their $460.50 check operated as an accord and satisfaction of their claim. After a trial on the merits, the chancellor held that appellants had not proved their defense of accord and satisfaction and awarded appellees judgment of $1,200.00 and attorney's fees of $1,500.00.

On appeal, appellants claim appellees' acceptance of their check bearing the notation "Pd. in full for painting" is an accord

---

[1]Although the parties agreed to a payment of $500.00, the check was written for $460.50 because certain items Jackson purchased at the auction were deducted from it.

and satisfaction of appellees' claim. Appellees cross-appeal that the trial court erred in not awarding them the entire $5,050.00 they claimed in attorney's fees.

■ An accord and satisfaction generally involves a settlement in which one party agrees to pay and the other to receive a different consideration or a sum less than the amount to which the latter is or considers himself entitled. *Dyke Indus., Inc.* v. *Waldrop*, 16 Ark. App. 125, 697 S.W.2d 936 (1985). There must be a disputed amount involved and a consent to accept less than the amount in settlement of the whole before acceptance of the lesser amount can be an accord and satisfaction, *id.; Mademoiselle Fashions, Inc.* v. *Buccaneer Sportswear, Inc.*, 11 Ark. App. 158, 668 S.W.2d 45 (1984); and, while it is not necessary that the dispute or controversy be well founded, it is necessary that it be made in good faith. *Widmer* v. *Gibble Oil Co.*, 243 Ark. 735, 421 S.W.2d 886 (1967).

■ Generally, acceptance by a creditor of a check offered by the debtor in full payment of a disputed claim is an accord and satisfaction of the claim. *Dyke Indus., Inc.* v. *Waldrop, supra.* A payee is estopped to deny an account has been paid in full where, after a dispute as to the amount due, a payee accepts and cashes a check that recites it is in settlement of the account. *See Market Produce Co.* v. *Holland*, 183 Ark. 711, 38 S.W.2d 317 (1931), where the supreme court stated:

> "It is true that, in order to constitute an accord and satisfaction, it is necessary that the offer of the payment should be made by one party in full satisfaction of the demand, and should be accepted as such by the other. But when the claim is disputed and unliquidated, and a less amount than is demanded is offered in full payment, the question as to whether the creditor in such case does so agree to accept the amount offered in full satisfaction of his demand is a mixed question of law and fact. If the offer or tender is accompanied by declarations and acts so as to amount to a condition that, if the creditor accepts the amount offered, it must be in satisfaction of his demand, and the creditor understands therefrom that, if he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount

in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him."

*Id.* at 713-14, 38 S.W.2d at 318 (quoting *Barham* v. *Bank of Delight*, 94 Ark. 158, 162, 126 S.W. 394, 395 (1910)).

██ *Pillow* v. *Thermogas Co. of Walnut Ridge*, 6 Ark. App. 402, 644 S.W.2d 292 (1982), is similar to the case at bar. There, the appellee accepted a check and scratched through the notation on the check "acc in full" and wrote "check not accepted in full payment of account" and signed and cashed it. The trial judge held the appellee was entitled to judgment for the difference between the full amount he claimed and the amount paid by the check from the appellants. On appeal, this court reversed, holding that the appellee's unilateral alteration of the check was of no legal consequence and that he had the option of accepting the check as tendered or of returning it. We stated:

> [W]e hold that the acceptance by a creditor of a check offered by the debtor in full payment of a disputed claim is an accord and satisfaction of the claim. A unilateral action by the creditor in protest or an attempted reservation of rights by the alteration of a check offered as payment in full is of no legal consequence.

*Id.* at 404-05, 644 S.W.2d at 294.

In 1991, these general rules concerning accord and satisfaction by use of an instrument were codified at Ark. Code Ann. § 4-3-311 (Repl. 1991), which provides in part:

> (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

> (b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the

effect that the instrument was tendered as full satisfaction of the claim.

In the case at bar, the chancellor found that "this dispute raised by the [appellants] was raised by [appellants] after the contract amount was due and owing," and used this finding as the basis for holding that appellants had not proved their defense of accord and satisfaction. We cannot agree that this finding is supported by the evidence. Furthermore, it is not conclusive of whether appellants proved their defense of accord and satisfaction. It is the circumstances that exist when the payment for the lesser amount is received that determine whether an accord and satisfaction has been reached. Here, it is uncontested that a dispute existed between the parties at the time appellees accepted and obtained payment of appellants' check. Both parties admitted that there was some disagreement as to what work was supposed to be performed under the contract and the time frame in which it was to be completed. Appellee Mike Jackson admitted there was some controversy as to whether appellees were supposed to paint the vents and the inside of the kitchen cabinets and that appellees were unable to finish painting the garage because there was large machinery preventing them from getting to all the walls. He also stated that, on the day he came back to wash appellants' house prior to the auction, appellant Hardison told him to leave, that the work should have been already completed, and that appellees were not getting paid.

Appellant Jack Hardison testified that appellees were supposed to paint the insides of the cabinets, that the paint job was shoddy, and that appellees left paint on the wall plugs, the stained wood, the window sills, the glass, the ceilings, the floors, and the carpet. He stated that the job was to be completed by October 12 but their equipment was still there on that date. He stated the next time he saw Jackson, on the 17th or 18th when Jackson came out to spray down the house, he told him that the house had already been sprayed and there was nothing further for appellees to do.

In reference to the $460.50 check appellants gave appellees, Hardison testified that, on the day of the auction, Jackson came to the auction and sent Larry Boling over to appellants for his money. He stated that he told Boling that Jackson had been over-

paid with the $750.00 as far as he was concerned but that Boling convinced him to pay Jackson $500.00 more. He stated he gave Boling a check on which his wife had written "Pd. in full for painting" to give Jackson.

Larry Boling testified that it was explained to appellees that the house needed to be ready for the open house, that he had trouble getting Jackson to start work, that Jackson knew Mr. Hardison was not happy with the work, and that Jackson and Hardison argued every time they were together. He stated that, when Jackson came to the auction, he told him the Hardisons were not willing to pay him the full amount but he could get him $500.00 and that Jackson replied to go ahead and give him his money and he would go. He stated that Jackson did not say anything about going to court when he accepted the $460.50 check.

Jackson testified that he returned on the day of the auction and Larry Boling told him that appellants were displeased with the work, that they had an offer they would make him, and that was all they were going to pay. He stated that he told Boling that he had given appellants plenty of time to let him know if there was a problem and Boling then went to talk to appellants. He stated that Boling then returned and told him that appellants would pay him $500.00 but that was all they would pay, and that it was "either take it or leave it." Jackson testified he told Boling to tell appellants to give him the $500.00 and that Mrs. Hardison then gave him a check on which she had written "Pd. in full for painting." He stated he told Mrs. Hardison and Boling that it was not over and he was going to get the rest of his money.

On appeal, chancery cases are tried *de novo* on the record. Nevertheless, we will not reverse the findings of the chancellor unless they are clearly erroneous or clearly against the preponderance of the evidence. *Summers* v. *Dietsch*, 41 Ark. App. 52, 849 S.W.2d 3 (1993). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.; see also McGarrah* v. *Southwestern Glass Co.*, 41 Ark. App. 215, 852 S.W.2d 328 (1993).

Here, the uncontroverted evidence plainly shows that appellants disputed the amount they owed appellees when appellee

accepted appellants' check. We therefore conclude that appellants proved their defense of accord and satisfaction and the chancellor's award of damages and attorney's fees in favor of appellees is clearly erroneous.

The judgment for damages and attorney's fees in favor of appellees is reversed and dismissed. Because appellees' cross-appeal for additional attorney's fees is predicated on their having prevailed on their contract claim against appellants, *see* Ark. Code Ann. § 16-22-308 (Supp. 1991), and we have reversed that judgment, appellees' cross-appeal is rendered moot.

Reversed on appeal; dismissed on cross-appeal.

ROBBINS and ROGERS, JJ., agree.