The **EMPLOYERS WORKERS' COMPENSATION ASSOCIATION, an Unincorporated Group Self–Insurance Association, Appellant,**

v.

**W.P. INDUSTRIES, an Oklahoma General Partnership, and Eddie R. Peters, Appellees,**

and

**Industrial Maintenance, Inc., an Oklahoma corporation, Defendant.**

No. 86788.

Court of Appeals of Oklahoma, Division No. 3.

May 14, 1996.

R.A. Shallcross, Brewster, Shallcross & DeAngelis, Tulsa, for Appellant.

Leonard M. Logan, IV and Robert Alan Rush, Logan & Lowry, Vinita, for Appellees.

## OPINION

BUETTNER, Judge:

The Employers Workers' Compensation Association (TEWCA), Appellant, sued W.P. Industries, Eddie R. Peters (Peters) and Industrial Maintenance, Inc. (IMI), alleging that W.P. Industries and Peters owed TEWCA $16,950.97 and that IMI owed $10,274.95. TEWCA is an unincorporated self-insurance association of employers which provides workers' compensation services to its members.[1] Underlying the causes of action were TEWCA's allegations that Appellees failed to comply with their contractual obligations by failing to pay assessments issued by its Board.

Peters and W.P. Industries answered and raised the affirmative defense of accord and satisfaction. Peters was the sole stockholder of IMI. Peters and Jody A. Willyard were equal partners of W.P. Industries. The W.P. Industries partnership had been dissolved

before this action was filed. At issue is the construction of 12A O.S.1991 § 3–311.

TEWCA filed its motion for summary judgment claiming that W.P. Industries and Peters were contractually obligated to pay the assessments. TEWCA also asserted that Appellees' defense of accord and satisfaction was ineffective because the amount in question was liquidated. Appellees filed their own motion for summary judgment contending that the sums sued upon were disputed and unliquidated. The trial court found that the sum was unliquidated and subject to a bona fide dispute. It granted summary judgment in favor of Appellees. In the order, the court found that the judgment was final as to two, but fewer than all defendants, and found no just reason to delay entering a final order as to W.P. Industries and Peters in accordance with 12 O.S.Supp.1993 § 994.

## STANDARD OF REVIEW

The trial court grants summary judgment in favor of a party when it appears that there is "no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law ..." 12 O.S.Supp.1993, Ch. 2, App., D.Ct. Rule 13(e). Inferences and conclusions "drawn from the facts must be viewed in the light most favorable to the party opposing the motion." *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla.1984). When a defendant moves for summary judgment on the basis of an affirmative defense, "he must show that there is no substantial controversy as to facts that are material to the affirmative defense, and that the facts and inferences that may be reasonably drawn from them are in his favor." *Daugherty v. Farmers Cooperative Association*, 689 P.2d 947, 949 (Okla.1984). Because the facts are presented to the trial court in documentary form only, this court may "substitute its analysis of the record for the trial court's analysis." *Loffland Brothers Co. v. Overstreet*, 758 P.2d 813, 817 (Okla. 1988).

---

1. 85 O.S.1991 § 149.1 permits certain employers to pool their liabilities for the purpose of qualify-ing as a group-insurer under the Workers' Compensation Act.

## DISCUSSION

W.P. Industries was a member of TEWCA from March through December 1990. W.P. Industries, through its partner Eddie Peters, signed a membership contract with TEWCA which contained a clause in which the member agreed to pay any assessments required by TEWCA's Board. TEWCA's Board issued three assessments against W.P. Industries in the years 1992, 1994 and 1995 to satisfy claim deficits, for a total assessment of $21,824.08. The 1992 assessment against IMI was $4,805.50. Peters tendered $15,717.54 payment to TEWCA for IMI and WP's liabilities. On the check, Peters wrote "payment in full of all MI's 1991 assessment and all of Eddie Peters' liability for 1990 WPI assessment." Contemporaneously with the tender of the check, Peters wrote an explanatory letter, dated February 8, 1992 in which he stated:

| Attached is a check for | $ 4,805.50 | for 1991 assessment plus |
| ½ of $21,824.08 or | $10,912.04 | for 1990 assessment. |
| Total Due | $15,717.54 | |

As you are aware the 1991 assessment is for Industrial Maintenance, Inc. for which I am the owner. IMI was a separate and different operation than W.P. Industries.

The 1990 assessment is against W.P. Industries. I was a 50% owner of W.P. Industries. W.P. Industries went out of business at the end of 1990. That partnership was completely and wholly dissolved at that time. I accordingly am willing to pay my 50% of the assessment. The other 50% is the responsibility of Mr. Jody A. Willyard, P.O. Box 128, Rt. 2, Pryor, OK 74361.

It is hereby understood that acceptance of the enclosed check recognizes payment in full of my liability for the 1990 and 1991 assessments and that I will be held harmless for Mr. Jody A. Willyard's 50% of the W.P. Industries liability.

**2.** There is a conflict between the Oklahoma Comments, which state that § 3–311 is "based on the requirement that the claim be unliquidated *and* subject to a bona fide dispute," and the statute, which is in the disjunctive: unliquidated *or* a bona fide dispute. We believe that the "and" in the comments is a scrivener's error.

**3.** A liquidated claim is a claim the "amount of which has been agreed on by parties to action or

The law to apply to these undisputed facts is § 3–311 of the Uniform Commercial Code (UCC), 12A O.S.Supp.1992 § 3–311, "ACCORD AND SATISFACTION BY USE OF INSTRUMENT." Section 3–311 was added to the UCC, and adopted by Oklahoma in 1991, effective January 1, 1992. The purpose was to establish the parameters of an informal method of dispute resolution using a negotiable instrument. Section 3–311, UCC Comment 1, 1991 Addition.

In order to prevail on a § 3–311 accord and satisfaction defense, the moving party must show: (1) a good faith tender of an instrument to the claimant as full satisfaction of the claim; (2) the amount of the claim was unliquidated or subject to a bona fide dispute; and (3) the claimant obtained payment of the instrument. The claim is then discharged, subject to subsection (c) exceptions which are not at issue here, if the person asserting accord and satisfaction "proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." 12A O.S.Supp.1992 3–311(b).[2]

 If the claim is liquidated,[3] then acceptance of the instrument would be without consideration resulting in "no new agreement modifying the old agreement." UCC Comment 1, 1991 Addition; *Polin v. American Petrofina Co.*, 589 P.2d 240, 242 (Okla.App. 1979). Thus, sending a partial payment check with the notation "Paid In Full" would not operate as an accord and satisfaction, even if negotiated, if the amount of the claim was liquidated. However, when the claim is liquidated, and there is a bona fide dispute as to the amount of the claim, the debtor may take advantage of the § 3–311 procedure.

 A § 3–311 accord and satisfaction is a contract to discharge a debt.[4] The "ac-

is fixed by operation of law." *Black's Law Dictionary*, 6th Ed.1990. Cf. 23 O.S.1991, § 6–sum certain or capable of being made certain by calculation (liquidated damage).

**4.** At common law, an "accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something

cord" is the agreement of the parties and the "satisfaction" is the execution of the agreement. *Fremarek v. John Hancock Mutual Life Insurance Co.,* 272 Ill.App.3d 1067, 209 Ill.Dec. 423, 426, 651 N.E.2d 601, 604 (1995). The amount of the debt must be disputed or unliquidated and there must be consent to accept less than the full amount. *Hardison v. Jackson,* 45 Ark.App. 49, 871 S.W.2d 410, 411 (1994). An essential element of the accord and satisfaction defense is a good faith dispute. *Hardison v. Jackson,* 871 S.W.2d at 411. Whether the parties reached an agreement is a "question of fact to be determined by a jury, unless a jury is waived and the matter is tried to the court." *Cinco Enterprises, Inc. v. Benso,* 890 P.2d 866, 874 (Okla. 1994).

 In this case, Peters and W.P. Industries claim that the amount of the assessment was in dispute for a variety of reasons. An affidavit by Peters was submitted to support this argument. Other facts, including Peters' transmittal of the questioned payment, are inconsistent with such a dispute. In the transmittal letter, Peters states that he is paying $10,912.04 for the 1990 assessment against W.P. Industries, which constitutes one-half of the amount owed.[5] Peters states that he is "willing to pay my 50% of the assessment," but the other 50% of the assessment should be paid by the other 50% partner in W.P. Industries.

Thus, Peters' words and actions, *at the time of payment,* reflect no dispute over the *amount* of the assessment, but only whether he should be liable for half or 100% of the assessment. Peters' affidavit, attached to his motion for summary judgment, provides general, conclusory statements about pre-payment disputes, none of which refer to a dispute as to the portion of the assessment that should be paid by Peters. When considered in the light most favorable to TEWCA, the evidence reveals, as shown by Peters' state-

ments in his letter and on the check, that the amount of the W.P. Industries' assessment was liquidated, and not subject to a good faith dispute by W.P. Industries. The § 3–311 defense of accord and satisfaction fails, as to W.P. Industries, under these circumstances.

We reverse the grant of summary judgment in favor of W.P. Industries and remand the matter to the trial court for further proceedings on TEWCA's claims and any other defenses raised by W.P. Industries.

 When a partnership incurs an obligation but dissolves before the filing of an action to recover on the obligation, the action may be maintained against the former partners individually. *Yellow Cab Company v. Allen,* 377 P.2d 220 (Okla.1962) (Syllabus by the Court); 54 O.S.1991 § 236. For this reason, TEWCA could seek to recover the full amount of W.P. Industries' obligation from Peters. The record does not establish that Peters did not have a good faith dispute with respect to his responsibility for all or only half of the assessment. However, a partner's subjective belief, standing alone, that partners should be required to pay only their proportionate share of a dissolved partnership's debts, is insufficient to establish a good faith dispute under § 3–311. Neither party submitted any evidence of the basis of Peter's position. As a result, we reverse the grant of summary judgment in favor of Eddie R. Peters and remand for further proceedings on TEWCA's claim and any defenses raised by Peters, including accord and satisfaction.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, P.J., and ADAMS, V.C.J., concur.

---

other than or different from what he considers himself entitled to; and a satisfaction is the execution of such agreement." *Hodges v. Anderson Drilling Co.,* 465 P.2d 784, 786 (Okla.App.1969). When the accord involved only paying a lesser sum in satisfaction of a larger amount claimed, the amount of the debt must be unliquidated and in dispute. *Id.*

5. Peters' letter refers to the 1990 assessment, while TEWCA's motion for summary judgment refers to a 1992 assessment. Because the amounts are identical, we assume there may be a conflict on the year(s) but that the same assessment is at issue.