Margaret INGE *v.* Scott WALKER

CA 99-1128 15 S.W.3d 348

Court of Appeals of Arkansas
Division I
Opinion delivered April 26, 2000

*Joey McCutchen, Tanya B. Spavins,* and *Richard H. Strunks,* for appellant.

*Warner, Smith & Harris, PLC,* by: *Joel D. Johnson* and *Jason T. Browning,* for appellee.

SAM BIRD, Judge. Margaret Inge appeals the granting of summary judgment in favor of Scott Walker. She argues that there were questions of fact to be determined and, therefore, Walker should not have been awarded summary judgment. We agree with Inge that there were issues of fact to be determined and that the grant of summary judgment was error. Consequently, we reverse and remand.

The case arises out of an automobile accident that took place on June 15, 1998. Ms. Inge was stopped in the street waiting to make a left turn. Walker was behind her and bumped her rear bumper. They moved their cars and, while waiting for the officer, they talked. According to Walker, they assured each other that there were no personal injuries, only property damage to the bumper of Inge's vehicle, and Inge agreed to accept Walker's check for $200 for the damage. A police officer is said to have asked Ms. Inge if the $200 was satisfactory, and she is said to have replied that it was.

On February 22, 1999, Ms. Inge filed a complaint in the Sebastian County Circuit Court alleging that Walker was negligent and that, as a result of his negligence, she sustained serious physical injuries and permanent impairment, resulting in pain and suffering, medical treatment and expenses, and lost income. Ms. Inge asked for a jury trial. Accompanying her complaint were two requests for production, and thirty-two interrogatories. In an amended answer, Walker alleged that the $200 check was an accord and satisfaction, in full and final satisfaction of all claims arising from the accident.

On May 24, 1999, Walker filed a motion for summary judgment, relying on the pleadings, his response to the interrogatories, his affidavit, and the canceled $200 check. In his brief to the trial court in support of his motion for summary judgment, Walker claimed that Ms. Inge actually asked for the check to cover her damages. Walker contended in his motion that by cashing the check, Ms. Inge released him from liability for any further damages. Ms. Inge did not respond to the motion for summary judgment, no hearing was held, and on June 18, 1999, the appellee's motion for summary judgment was granted. The order stated:

> Rule 12(c) of the Arkansas Rules of Civil Procedure provides, in part: "If a party opposes a motion ... he shall file his response ... within ten (10) days after service..."

> As heretofore stated Plaintiff has failed to comply with said rule.

> The law is well settled that when a party makes a prima facie showing of entitlement to a summary judgment, the opposing party must meet proof with proof by showing there is a genuine issue as to a material fact. Plaintiff has failed to do so.

> Accordingly, Defendant's Motion for Summary Judgment is granted.

On June 25, 1999, Ms. Inge filed a motion for reconsideration and to vacate the summary judgment, alleging that no hearing was set or held on the motion for summary judgment, and that Walker's affidavit and answers to interrogatories filed as exhibits to his motion specifically raise the issue of the parties' intent in giving and receiving the check. In her brief, she pointed out that in exhibit one to the motion for summary judgment Walker stated: "Plaintiff asked Defendant to write her a check for $200 *for her bumper.*" Ms.

Inge contends this raised an issue of fact as to whether the $200 check was in satisfaction of *all damages* arising from the accident, or just payment for the damage *to her bumper*. She also raised in her motion for reconsideration the issue of whether summary judgment was proper simply because she failed to respond to the motion within ten days, citing Ark. R. Civ. P. 12(i).

Walker responded to Inge's motion to vacate and pointed out in his brief that Ark. R. Civ. P. 56 applies to summary judgments and allows a time for *affidavits* to be filed; Ark. R. Civ. P. 12(i) controls the time a party has to respond to a *motion*. He argued that granting the motion for summary judgment was appropriate since Inge failed to respond to his motion and "set forth specific facts showing there is a genuine issue for trial." On July 13, 1999, Inge's motion to vacate was denied.

Inge makes several arguments on appeal. First, she contends that summary judgment was not appropriate where genuine issues of material fact existed or where reasonable minds could differ as to the interpretation of the facts as shown by the pleadings, even if no formal response to the motion had been filed. We agree.

Arkansas Rule of Civil Procedure 56(e) provides:

> When a motion is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him. (Emphasis added.)

■ ■ The Arkansas Supreme Court recently reviewed the law in regard to summary judgment in *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 991 S.W.2d 552 (1999):

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party *resisting* the motion, and any doubts and inferences must be resolved *against the moving party*. Our rule states,

and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

338 Ark. at 45-46, 991 S.W.2d at 553 (quoting *Sublett v. Hipps*, 330 Ark. 58, 62, 952 S.W.2d 140, 142 (1997), quoting *Milam v. Bank of Cabot*, 327 Ark. 256, 261-62, 937 S.W.2d 653, 656 (1997))(emphasis added). Once a moving party establishes prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact. *New Maumelle Harbor, supra.* Prima facie evidence is "[e]vidence good and sufficient on its face. Such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which *if not rebutted or contradicted*, will remain sufficient." *Black's Law Dictionary*, 1190 (6th. ed 1990) (emphasis added).

In *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999)(quoting *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998)), the supreme court explained further:

> The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

339 Ark. at 153-54, 3 S.W.3d at 686-87.

Summary judgment is not granted simply because the opposing party fails to respond to the motion for summary judg-

ment. *See Brunt v. Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994), which held:

> Summary judgment should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Hickson v. Saig*, 309 Ark. 231, 828 S.W.2d 840 (1992). A summary judgment should not be granted where reasonable minds could differ as to the conclusions they could draw from the facts presented. *Lee v. Doe et al*, 274 Ark. 467, 626 S.W.2d 353 (1981). The burden of proving there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party *resisting the motion. Wyatt v. St. Paul Fire & Marine Ins.*, 315 Ark. 547, 868 S.W.2d 505 (1994). *Any doubts and inferences must be resolved against the moving party. Wyatt, supra; Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988); *Cross v. Coffman*, 304 Ark. 666, 805 S.W.2d 44 (1991). The burden in a summary judgment proceeding is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue. *Wyatt, supra; Collyard v. American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing genuine issue as to a material fact. *Wyatt, supra; Harrell v. International Paper Co.*, 305 Ark. 490, 808 S.W.2d 779 (1991).

318 Ark. at 429-30, 885 S.W.2d at 895-96 (emphasis added). When the proof supporting a motion for summary judgment is insufficient, there is no duty on the part of the opposing party to meet proof with proof. *Cash v. Lim*, 322 Ark. 359, 908 S.W.2d 655 (1995); *Wolner v. Bogaev*, 290 Ark. 299, 718 S.W.2d 942 (1986); *Collyard v. American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980). The failure to file counteraffidavits does not in itself entitle the moving party to a summary judgment. However, the effect is to leave the facts asserted in the uncontroverted affidavit supporting the motion for summary judgment accepted as true for purposes of the motion. *Cameo Jewelry v. Sweetser*, 247 Ark. 477, 446 S.W.2d 228 (1969); *Ashley v. Eisele*, 247 Ark. 281, 445 S.W.2d 76 (1969).

■ Inge stated in her complaint that she sustained physical injuries in the rear-end collision. Walker's answer did not offer proof that her claim was not true. In his answer to Inge's complaint, Walker stated that, at the time of the accident, he and Inge had entered into an agreement whereby he paid her $200 in "full and final settlement" of her claim. However, in his answers to the

interrogatories attached as an exhibit to Walker's motion for summary judgment, he stated that he gave Ms. Inge a check "for her bumper." These statements are contradictory. They leave open to speculation whether the $200 payment was for the damage to Ms. Inge's bumper or all damages sustained, including physical injuries. Since different conclusions can be drawn from these statements contained *in the motion for summary judgment,* the motion itself presented a material question of fact, and summary judgment should not have been granted.

 Walker also claims the check represented an accord and satisfaction. An "accord and satisfaction" contemplates an agreement between parties to give and accept something different from that claimed by virtue of the original obligation, and both the giving and acceptance are essential elements. *Helms v. University of Missouri-Kansas City,* 65 Ark. App. 155, 986 S.W.2d 419 (1999); *Bohle v. Sternfels,* 261 S.W.2d 936, 941 (Mo. 1953). It generally involves a settlement in which one party agrees to pay and the other to receive a different consideration or a sum less than the amount to which the latter is or considers himself entitled. *Hardison v. Jackson,* 45 Ark. App. 49, 871 S.W.2d 410 (1994); *Dyke Indus., Inc. v. Waldrop,* 16 Ark. App. 125, 697 S.W.2d 936 (1985). There must be a disputed amount involved and a consent to accept less than the amount in settlement of the whole before acceptance of the lesser amount can be an accord and satisfaction. *Mademoiselle Fashions, Inc. v. Buccaneer Sportswear, Inc.,* 11 Ark. App. 158, 668 S.W.2d 45 (1984). The validity of an accord and satisfaction is dependent upon the same basic factors and principles that govern contracts generally, *Helms, supra; Bestor v. American Nat'l Stores, Inc.,* 691 S.W.2d 384 (Mo. Ct. App. 1985), and the burden of proving the agreement is simply the burden of proving a contract: offer, acceptance, and consideration. *Id.* The defense of accord and satisfaction presents an issue of fact, and Walker had the burden of proving accord and satisfaction. *Boone v. Armistead,* 48 Ark. App. 187, 892 S.W.2d 531 (1995); *Holland v. Farmers & Merchants Bank,* 18 Ark. App. 119, 711 S.W.2d 481 (1986). Since Inge claimed that the $200 was for damage to her bumper and Walker claimed it was in settlement of all liability for the accident, including personal injuries, a fact question was raised that was not capable of being decided by summary judgment.

Because of the foregoing conclusions, we find it unnecessary to consider appellant's other arguments.

Reversed and remanded.

KOONCE and GRIFFEN, JJ., agree.