### BRITTON *v.* OLDHAM.

Opinion delivered October 15, 1906.

WIDOW'S DOWER—PERSONALTY.—Kirby's Digest, § 2709, providing that "if a husband die leaving a widow and no children, such widow shall be endowed of * * * one-half of his personal estate absolutely and in her own right as against collateral heirs," means that if a husband die leaving a widow and no direct descendants, the widow shall be so endowed.

Appeal from Lonoke Circuit Court; *George M. Chapline,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This is an application for allotment of dower in personal property. The statute is as follows:

"If a husband die leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized, where said estate is a new acquisition, and not an ancestral estate; and one-half of the personal estate, absolutely and in her own right, as against collateral heirs, but, as against creditors, she shall be endowed with one-third of the real estate in fee simple if a new acquisition and not ancestral, and of one-third of the personal property absolutely. Provided, if the real estate of the husband be an ancestral estate,

she shall be endowed in a life estate of one-half of said estate as against collateral heirs, and one-third as against creditors." Kirby's Digest, § 2709.

The circuit court held that under this statute the widow was entitled to one-half of the personal estate as dower against collateral heirs, but not against a grandson. As the husband left a grandson surviving him, the court gave the widow one-third of the personal property as dower and also personal property to the value of $150 allowed by statute in addition to dower.

*Thos. C. Trimble, Joe P. Robinson* and *Thos. C. Trimble, Jr.,* for appellant.

The word "descendants" is nowhere used in the act, nor in the law of dower of which it is an amendment. If the Legislature had intended to include descendants, it would have used in the act the words "children or their descendants."

*W. E. Atkinson,* for appellee.

The law as amended (Kirby's Digest, § 2709) draws a distinction between new acquisitions and ancestral estates, and limits its operations to two classes, viz.: collateral heirs and creditors. It does not grant any dower against lineal heirs, either ascendant or descendant. Against these the widow is endowed under the general laws regulating dower. "No children" in the statute means "no descendants."

RIDDICK, J., (after stating the facts.) This is an appeal by Mrs. Estella C. Britton from a judgment of the Lonoke Circuit Court allotting her dower in the personal estate of her husband, J. M. Britton. Britton died leaving as heir a grandson but no surviving children, and the question as to whether his widow is entitled to one-half or one-third of the personal estate as her dower depends on the act of 1891, which is set out in the statement of facts.

Omitting that part of it that refers to real estate, the part which refers to personal property reads as follows: "If a husband die leaving a widow and no children, such widow shall be endowed of * * * one-half of the personal estate, absolutely, and in her own right as against collateral heirs, but as against creditors she shall be endowed with * * * one-third of the

personal property absolutely." A consideration of this language shows that the provision that the widow shall be endowed of one-half of the personal property applies only as against collateral heirs. The statute does not apply where the husband leaves direct descendants. The effect of the statute, so far as this case is concerned, is the same as if the words "direct descendants" were substituted for the word "children" in the act, so that it would read: "If a husband die leaving a widow and no direct descendants," etc.

We are therefore of the opinion that the court properly held that the widow was entitled to only one-third of the personal property as dower, and the other property allowed by law in addition to dower.

Judgment affirmed.