## STARRETT *v.* McKIM.

### Opinion delivered May 24, 1909.

1. DEFINITION—CHILDREN.—Where the word "children" is used in a statute, it must be construed to mean only descendants in the first degree unless it is apparent from the contest that a broader meaning was intended. (Page 522.)

2. DOWER—DYING WITHOUT CHILDREN.—In Kirby's Digest, § 2709, prescribing the estate which a widow shall receive in her husband's real and personal property where the husband dies leaving no "children," the word "children" includes all direct descendants. ·(Page 522.)

3. STATUTES—PUNCTUATION.—The rule is to disregard punctuation in the interpretation of statutes, except ·that, when all other means fail, in cases of doubtful ·interpretation the punctuation may be looked to as having some weight in determining the real meaning of the ·law-makers. (Page 523.)

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Rice & Dickson,* for appellant.

The statute, Kirby's Dig., § 2709, is intended to make provision for the widow, and not the children, where the estate is a new acquisition. The statute excludes grandchildren, the word "children" meaning the immediate offspring. 25 S. C. 358; 8 Words & Phrases, Jud. Def. 1115; 56 Ala. 260; 13 R. I. 149; 8 So. 392; 68 Miss. 141; 39 Cal. 529; 53 Am. St. Rep. 453; 103 Mass. 287; 65 Ark. 521; 64 Tex. 110; 3 Am. & Eng. Enc. of L., 1st Ed. 231.

*J. H. Carmichael,* for appellees.

Under the facts shown, appellees succeeded to the share which would have fallen to their mother in the lands of her father, whose death preceeded hers. 51 Ark. 54, and authorities cited; 55 Ark. 210; 80 Ark. 252.

McCULLOCH, C. J. This is a controversy between a widow on the one side and grandchildren of a decedent on the other, as to dower interest of the former in lands (not the homestead) left by said decedent. The widow claimed one-half of the land in fee simple, and the grandchildren insist that she takes only an estate for life in one-third of the land. The case involves a construction of the following statute:

"If a husband die, leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized, where said estate is a new acquisition, and not an ancestral estate; and one-half of the personal estate, absolutely and in her own right, as against collateral heirs, but, as against creditors, she shall be endowed with

one-third of the real estate in fee simple if a new acquisition and not ancestral, and of one-third of the personal property absolutely. Provided, if the real estate of the husband be an ancestral estate, she shall be endowed in a life estate of one-half of said estate as against collateral heirs, and one-third as against creditors." Sec. 2709, Kirby's Digest.

Does the word "children" as used in the statute include grandchildren?

The court has held that, so far as the statute relates to dower in personal property, the word "children" means lineal descendants in any degree. *Britton* v. *Oldham,* 80 Ark. 252. Judge RIDDICK, speaking for the court, after quoting the statute said: "A consideration of this language shows that the provision that the widow shall be endowed of one-half of the personal estate applies only as against collateral heirs. The statute does not apply when the husband leaves direct descendants. The effect of the statute, so far as this case is concerned, is the same as if the words 'direct descendants' were substituted for the word 'children' in the act, so that it would read 'If a husband die, leaving a widow and no direct descendants,' etc." We conclude that the same construction must be given to the statute, so far as it relates to real estate.

It must be conceded that the word "children," either in a popular or technically legal sense, does not include grandchildren, and its meaning is confined to descendants of the first degree; and it is undoubtedly the rule that where this word is used in a statute it must be construed to mean only descendants of the first degree unless it is apparent from the context that a broader meaning was intended. 7 Cyc. 123-128 and cases cited.

An analysis of the language of the entire section of the statute shows clearly that the word was used in the broad sense to include descendants of any degree, in contradistinction to collateral heirs. The purpose of the statute is to prescribe the dower interest of a widow as against collateral heirs, when there are no descendants, and as against creditors; and it is divisible into four separate provisions, the first two relating to land which was a new acquisition of the husband, and the last two to lands which were ancestral. The first provision is that, as against collateral heirs, the widow shall take one-half of the land in fee

simple when it is a new acquisition, and one-half of the personal property; the second is that, as against creditors, she shall take one-third of such lands in fee simple, and one-third of the personal property; the third is that, as against collateral heirs, the widow shall take a life estate in one-half of the ancestral lands; and fourth, that, as against creditors, she shall take a life estate in one-third of such lands.

If any other construction be given to the word "children," the use of the words "as aginst collateral heirs" would be entirely superfluous, for under our statute of descents collateral heirs take nothing in any event when direct descendants of the decedent in any degree are left.

The statute is improperly punctuated, and the semi-colon after the words "ancestral estate" in the first part should be disregarded. It is meaningless at that place. The rule in this country, as well as in England, is to disregard punctuation in the interpretation of statues, except that, when all other means fail, in cases of doubtful interpretation the punctuation may be looked to as having some weight in determining the real meaning of the lawmakers. This is said, however, to be the most fallible of standards by which to interpret a writing. *Kelly's Heirs* v. *McGuire,* 15 Ark. 555; *Doe* v. *Martin,* 4 T. R. 65; *Ewing* v. *Burnet,* 11 Pet. 41; *Hammock* v. *Loan & Trust Co.,* 105 U. S. 77; *United States* v. *Lacher,* 134 U. S. 624; *Stephens* v. *Cherokee Nation,* 174 U. S. 481; *Hamilton* v. *Steamer R. B. Hamilton,* 16 Ohio St. 428; *Howard Sav. Inst.* v. *Newark,* 63 N. J. L. 547.

We are of the opinion that the chancellor correctly interpreted the meaning of the statute, and his decree is therefore affirmed.