## BERRY v. BROKESHOULDER et al.

### No. 3493.

Circuit Court of Appeals, Tenth Circuit.

July 18, 1947.

H. A. Ledbetter, of Ardmore, Okl., for appellant.

Guy H. Sigler, of Ardmore, Okl. (P. M. Jackson, of Ardmore, Okl., on the brief), for appellees.

A. Devitt Vanech, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., and Francis Stewart, Asst. U. S. Atty., both of Muskogee, Okl. (Roger P. Marquis and Alvin O. West, Attys. Department of Justice, both of Washington, D. C., on the brief), for appellee United States of America.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Johnson Postoak, a Mississippi Choctaw Indian of the full-blood, died seized of certain land in Pontotoc County, Oklahoma, which had been alloted to him and was restricted against alienation. At the time of his death, the allottee left surviving him neither father, mother, wife, nor children, but he was survived by certain grandchildren. Charles Berry filed in the county court a petition to probate a will executed by the allottee, dated January 22, 1935. The will contained a provision devising part of the restricted land to Berry, and part to the daughter of the testator who was living at the time of the execution of such will. It contained a further provision giving and devising to Berry the balance of the estate. And it named him as executor. Lena Taylor filed in the same proceeding in the county court a petition to probate a will executed by the allottee, dated October 17, 1944. The will contained a provision revoking and cancelling all other and former wills made by the testator at any time. It devised the entire estate to Lena Taylor, a half-sister of the testator. And it named her as executrix. The grandchildren of the testator lodged a contest against both wills. Notice of the pendency of each petition was served upon the Superintendent of the Five Civilized Tribes of Indians pursuant to the provisions of section 3 of the Act of April 12, 1926, 44 Stat. 239. And the United States seasonably caused the proceeding to be removed under the provisions of such Act to the United States Court for Eastern Oklahoma. The United States court entered judgment determining that the second will effectively revoked the first; that the second will should be admitted to probate; that since it did not appear from the second will that the failure to provide for the grandchildren of the deceased was intentional, the omitted grandchildren inherit according to the laws of descent and distribution of Oklahoma; and that the proceeding be remanded to the county court for further proceedings in conformity with the judgment. Berry appealed.

■ The first contention urged is that the proceeding was not subject to removal from the county court and that therefore the United States court was without jurisdiction of the subject matter. A proceeding purely for the establishment and probate of a will, and matters of strict probate relating to the administration of estates of decedents, are not within the general equity jurisdiction of the courts of the United States. And the general removal statute, section 28 of the Judicial Code, 28 U.S.C.A. § 71, does not have application to a proceeding of that kind. But the Act of April 12, 1926, supra, is a special statute; and under the provisions of section 3 thereof a contested proceeding for the probate of a will executed by a full-blood Mississippi Choctaw Indian whose estate consists in whole or in part of land restricted against alienation and who is survived by Indian heirs may on petition of the United States be removed to the United States court. Caesar v. Burgess, 10 Cir., 103 F.2d 503.

■ The next contention advanced is that the second will was invalid because not acknowledged before and approved by a United States commissioner or a judge of a county court in Oklahoma; and that therefore it could not operate to revoke the former will. Section 23 of the Act of April 26, 1906, 34 Stat. 137, 145, as amended by section 8 of the Act of May 27, 1908, 35

Stat. 312, 315, authorizes a member of the Five Civilized Tribes of lawful age and sound mind to devise and bequeath by will all of his estate, or any interest therein, "Provided, That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court for the Indian Territory, or a United States commissioner, or a judge of a county court of the State of Oklahoma." The second will was executed in compliance with the laws of Oklahoma, but it was not acknowledged before and approved by a United States commissioner, or a judge of a county court in Oklahoma. The testator died without parent, wife, or children surviving, and for that reason the will could not disinherit any of them. Therefore the requirement of the statute that the will be acknowledged before and approved by a United States commissioner, or a judge of a county court in Oklahoma, has no application unless the word "children", as used in the Act, includes grandchildren. It is a matter of common knowledge that as generally understood the word means immediate offspring. It means descendants of the first degree. It means sons or daughters, or both. Standing alone, it is not understood to include grandchildren or other descendants of a different degree. And when used in a statute dealing with estates, in a will, or in a trust, the word does not include grandchildren unless it clearly appears from the statute, the will, or the trust, that a broader or more extended meaning was intended. Rodler v. Union Trust Co., 73 App.D.C. 350, 119 F.2d 454; Falter v. Walker, 47 Okl. 527, 149 P. 1111; Lowrey v. Le Flore, 48 Okl. 235, 149 P. 1112, Ann.Cas.1918E, 1001; Starrett v. McKim, 90 Ark. 520, 119 S.W. 824; Hoggatt v. Clopton, 142 Tenn. 184, 217 S.W. 657; Davis v. Mitchell, 27 Tenn.App. 182, 178 S.W.2d 889; Armstrong Junior College Commission v. Live-

sey, 189 Ga. 825, 7 S.E.2d 678, 132 A.L.R. 1063; In re Schuette's Estate, 138 Neb. 568, 293 N.W. 421; Bushman v. Fraser, 322 Ill. 579, 153 N.E. 611; In re Schaufele's Will, 252 N.Y. 65, 168 N.E. 831; Billingsley v. Bradley, 166 Md. 412, 171 A. 351, 104 A.L.R. 274; Meriden Trust & Safe Deposit Co. v. Spencer, 127 Conn. 261, 16 A.2d 349; In re Reed's Estate, 342 Pa. 54, 19 A.2d 365.

In Bell v. Davis, 55 Okl. 121, 155 P. 1132 (overruled insofar as it decided another question, Hill v. Davis, 64 Okl. 253, 167 P. 465, L.R.A.1918B, 687), it was held that the word "children" as used in the statute, supra does not include grandchildren or great-grandchildren. While that case is not binding upon this court in this proceeding, it makes appropriate application of the general rule and we find ourselves in accord with it. There is nothing in the Act or in its legislative history which indicates even remotely a Congressional purpose to use the word otherwise than in its generally understood and interpreted meaning. There is nothing to suggest a Congressional intent that it should have a broader or more extended meaning. The requirement of the statute for acknowledgment before and approval by a United States commissioner or a judge of a county court in Oklahoma has no application to the second will of the testator, and the absence of such acknowledgment and approval does not render the will ineffective with respect to revoking the prior will.

Though not included in the statement of points, it is argued in the brief of appellant that if the trial court had jurisdiction of the subject-matter, it should have proceeded with the probating of the estate and made a final decree of distribution. The will under which appellant claims having been effectively revoked, he has no interest in the estate and therefore cannot be heard to complain that the court failed to make distribution to others.

The decree is affirmed.