Rudolph LANE and James Matthew LANE by
Rudolph LANE, His Grandfather and Next Friend
*v.* ARKANSAS BLUE CROSS AND BLUE SHIELD, INC.

84-296                                      686 S.W.2d 438

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*Michael Everett,* for appellant.

*Jim Patton,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Rudolph Lane, and his family were insured by appellee, Blue Cross-Blue Shield, under his employer's group medical insurance policy. He filed suit against appellee for expenses incurred in the medical treatment of his newborn grandson who suffers from congenital heart problems. The grandson was born to appellant's unmarried sixteen year old daughter. Appellant tacitly admits that his grandson is not within coverage of the insurance contract but contends that Ark. Stat. Ann. § 66-3248 should be interpreted to require coverage. The trial court held that the statute did not mandate coverage. We affirm. Jurisdiction to construe an

Act of the General Assembly is in this court. Rule 29(1)(c).

Ark. Stat. Ann. § 66-3248, in its pertinent part provides, "Every . . . medical service insurance . . . contract . . . which covers *the insured* and members of the insured's family, shall include coverage for *newborn infant children by the insured* from the moment of birth."

The term "insured" is not one of fixed meaning, and often its meaning may be ascertained only from the policy or statute in which it appears. See 44 C.J.S. Insurance § 49. As the term is used in this statute it is clear that appellant, Rudolph Lane, is the insured and that his unmarried daughter is a member of his family. The statute then covers his newborn infant *children*. This conclusion is bolstered by Emergency Clause language which states: "Many . . . hospital and medical service contracts . . . do not cover *newborn infants of an insured* until the infant reaches a certain age. . . ." From this clause it would appear that the legislature contemplated coverage for Rudolph Lane's newborn child but did not intend to extend coverage to cover his grandchild since they did not specifically include newborn infant grandchildren. We are precluded from construing "children" to include "grandchildren" since we previously held that where the word "children" is used in a statute it must be construed to mean only descendants of the first degree unless it is apparent from the context that a broader meaning was intended. *Starrett* v. *McKim,* 90 Ark. 521, 119 S.W. 824 (1909).

Affirmed.