JoAnn CROSS *v.* James and Helen COFFMAN

90-241                                          805 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered March 4, 1991.

*Guy Jones Jr.*, for appellant.

*George Hartje*, for appellee.

JACK HOLT, JR., Chief Justice. The sole point of error relied upon by the appellant, JoAnn Cross, is whether the trial court erred in dismissing her independent cause of action for wrongful discharge under Ark. Code Ann. § 11-9-105 and 107 (1987) as a matter of law.

On November 17, 1986, Ms. Cross allegedly suffered an injury during the course of her employment at a business owned or operated by the appellees, James and Helen Coffman. Ms. Cross reported the injury to the Coffmans and later made a claim for workers' compensation benefits. The Coffmans subsequently discharged Ms. Cross from their employment.

Ms. Cross filed suit against the Coffmans on September 30, 1988, and alleged that they ". . . jointly, severally and in concert, fired, terminated or discharged [her] from her employment for

filing, pursuing or exercising her legal right to secure and obtain Workers' Compensation benefits directly in violation of the Arkansas Workers' Compensation Act *and the public policy of the State of Arkansas.*" (Emphasis ours.)

On May 18, 1990, the trial court granted the Coffmans' motion to dismiss and stated in pertinent part as follows:

On January 19, 1990, came on the above matter for hearing upon Defendants' Motion and, from discussion with the court, stipulations of counsel which are incorporated herein by reference, this Court, does hereby FIND, ORDER, AND ADJUDGE:

\* \* \* \*

5. . . . Further, the Court finds that section 35 of the Workers' Compensation Commission . . . does not create an independent cause of action for an employee, as here the Plaintiff, to be pursued in the Circuit, Chancery or other Courts of competent jurisdiction outside of a Workers' Compensation claim.

Ms. Cross appeals on the basis that the trial court erred in dismissing her independent cause of action for wrongful discharge under sections 11-9-105 and 107 as a matter of law.

Section 11-9-105 provides in pertinent part as follows:

(a) The rights and remedies granted to any employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer or any principal, officer, director, stockholder, or partner acting in their capacity as an employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer.

\* \* \* \*

Section 11-9-107 addressed the penalties for discrimination for filing a workers' compensation claim and provides as follows:

Any employer who willfully discriminates in regard to the

hiring or tenure of work or any term or condition of work or any individual on account of his claiming benefits under this chapter or who in any manner obstructs or impedes the filing of claims for benefits under this chapter shall be guilty of a misdemeanor and on conviction shall be punished by a fine of not to exceed one hundred ($100) dollars, or by imprisonment of not to exceed six (6) months, or by both fine and imprisonment.

■ Clearly, this act provides an exclusive remedy to recover damages from an employer based on an employee's injury. *Seawright* v. *U.S.F. & G. Co.,* 275 Ark. 96, 627 S.W.2d 557 (1982); section 11-9-105. Additionally, the extent to which an employer may be criminally penalized under the Workers' Compensation Law for wilfull discrimination in the tenure of an employee is set out in section 11-9-107.

■■ In this case, Ms. Cross provides no coherent or convincing argument that the Workers' Compensation Law allows a civil remedy for wrongful discharge. In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *CDI Contractors, Inc.* v. *Goff Steel Erectors, Inc.,* 301 Ark. 311, 783 S.W.2d 846 (1990). Here, there are no facts alleged in the complaint, relative to the specific argument on appeal, that would support a civil cause of action for Ms. Cross under the Workers' Compensation Law.

■ However, Ms. Cross also based her cause of action on the violation of public policy. We have previously recognized that an at-will employee has a cause of action for wrongful discharge if he or she is fired in violation of a well-established public policy of the state. The exception is limited and not meant to protect merely private or proprietary interests. *Sterling Drug, Inc.* v. *Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988).

We construe the Coffmans' motion to dismiss on the contention that "no cause of action is recognized in Arkansas by virtue of 'wrongful discharge' " as a motion to dismiss under Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief can be granted. Rule 12(b)(6) further states that:

. . . If, on a motion asserting the defense numbered (6) to

dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Arkansas R. Civ. P. 56(c) provides in pertinent part that ". . . [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

In Ms. Cross's pleading, she asserts her employment with the Coffmans', an injury resulting in the filing of a workers' compensation claim, a wrongful discharge cause of action based on the violation of a public policy of the State of Arkansas, and damages. Additionally, her answer to the Coffman's interrogatories includes the following information:

INTERROGATORY NO. 2: Please state specifically any and all actions taken by defendants which would result in injuries alleged . . . in the complaint.

ANSWER: (a) Defendants fired me on Saturday, November 29th, 1986, for filing a workers' compensation claim. Helen [Ms. Coffman] yelled at me saying I was being fired because I was suing them. There was not at that time any kind of a lawsuit filed. The only paper I filled out was for Workers' Compensation benefits. Mr. Coffman threatened me saying 'And I am going to sue you and your attorney for trivia if you lose this suit';

(b) Defamation of character;

(c) Threatened me — to sue me;

(d) Slander — telling others I was suing them when I was not and telling that I had a lot of problems; and,

(e) Giving a bad job reference against me.

■ The burden of proving that there is no genuine issue of

fact is upon the moving party, and, on review, all proof submitted is viewed in the light most favorable to the party resisting the motion. Any doubts and inferences are resolved against the moving party. *Scully* v. *Middleton*, 295 Ark. 603, 751 S.W.2d 5 (1988).

■ Treating the facts in the complaint and interrogatories in a light most favorable to Ms. Cross, we cannot say that her asserted cause of action failed to show that a genuine issue of material fact existed or that the Coffmans were entitled to a judgment as a matter of law.

Affirmed in part; reversed and remanded in part.