GMAC MORTGAGE CORPORATION *v.*
Sandra Dedrick FARMER, et al.

CA 07-438                                                      270 S.W.3d 882

Court of Appeals of Arkansas
Opinion delivered January 9, 2008

*Wilson & Associates, PLLC,* by: *John P. Marks* and *Charles T. Ward, Jr.,* for appellant.

*Bridges, Young, Matthews & Drake, PLC,* by: *Cary E. Young* and *Tanya B. Spavins,* for appellees.

David M. Glover, Judge. Appellees Sandra Dedrick Farmer, Charles W. Dedrick, LaVera Faye Dedrick, and Joseph C. Dedrick are the grandchildren of Millridge Dedrick, Sr., and his wife, Vera, both deceased. This case originated when these grandchildren and their spouses, the remaining appellees, petitioned the trial court to partition the real property at issue in this case by sale and to distribute the proceeds according to the interests of the parties. The appellee grandchildren asserted ownership of the property as heirs of Millridge Dedrick, Sr., and "as tenants in common with Vedell Dickson," to whom Lorraine Dedrick, Millridge Dedrick, Sr.'s, surviving second wife, conveyed her dower interest in the property. Vedell Dickson's interest in the property was encumbered by various means that traced through other respondents in the underlying action, including appellant GMAC, the only one of those parties that has appealed the decision granting summary judgment to appellees.

On December 13, 2005, appellees moved for summary judgment on their petition, asking the trial court to confirm their title to the property, subject to Dickson's one-third interest in the property for the life of Lorraine Dedrick under Arkansas Code Annotated section 28-11-301 (Repl. 2004). On December 30, 2005, GMAC, while not challenging any of the facts asserted by appellees, responded by contending that Lorraine conveyed a one-half interest in fee simple to Dickson under section 28-11-307 (Repl. 2004) because Millridge, Sr., died leaving no surviving children — just grandchildren. On January 6, 2006, appellees replied by noting that GMAC had raised a question of law, not fact.

On February 6, 2006, GMAC filed a cross-motion for summary judgment, once again asserting that the material facts were undisputed and that the only remaining issue was one of law, and asking the trial court to determine which statute applied, 28-11-301 or 28-11-307. On February 14, 2006, appellees responded to the cross-motion, reaffirming that the only significant issue was one of law — not fact.

On February 24, 2006, GMAC — for the first time — by letter notified the trial court that it had located a contract for sale of the property. Then, on February 27, 2006, GMAC attached a copy of an unrecorded land-sale contract, dated September 7, 1996, to its reply in its own cross-motion for summary judgment. In the land-sale contract, Millridge, Sr., as owner of the property, and Lorraine, as his wife, contracted to sell the property in question to Vedell Dickson. The contract contained the provision that it was binding on the parties' heirs and assigns. In addition, GMAC contended that the contract had been completed because there was a check from Dickson to Lorraine and there was the warranty deed from Lorraine to Dickson, and that the existence of the contract created a question of fact that precluded summary judgment. Based on the discovery of the contract, GMAC also filed an entirely new motion for summary judgment. In their response, appellees maintained that the land-sale contract had been untimely and improperly raised and therefore could not defeat their original motion for summary judgment.

On October 12, 2006, the trial court held a hearing on all of the motions for summary judgment. On November 17, 2006, the trial court entered its summary judgment in favor of appellees. The trial court made no finding with respect to the land-sale contract. GMAC subsequently filed a post-judgment motion, requesting

that the trial court reconsider its summary judgment in favor of appellees and that the trial court make specific findings concerning why the land-sale contract did not create a genuine issue of fact in the case. The trial court did not rule on the post-judgment motion, and it was therefore deemed denied after the passage of thirty days. This appeal then followed.

GMAC challenges the trial court's grant of summary judgment to appellees on three bases (1) that appellees failed to make a prima facie showing of entitlement to partition as a matter of law, 2) that GMAC raised a genuine issue of material fact regarding whether appellees had title to the property they sought to partition, and 3) that the trial court should have applied Arkansas Code Annotated section 28-11-307, rather than section 28-11-301, in deciding this case. We affirm.

*Background Facts as Set Forth in Appellees' Motion
for Summary Judgment*

In their brief in support of their motion for summary judgment, appellees set forth the following pertinent facts of the case, which they described as undisputed.

Title to the property at issue was originally obtained by Millridge Dedrick, Sr., and Vera Dedrick (Vera), his wife, in October 1950 by warranty deed. Millridge, Sr., and Vera had one child, Millridge, Jr. Appellees are the children of Millridge, Jr., and the grandchildren of Millridge, Sr., and Vera. Vera predeceased both her husband and her son, and Millridge, Sr., subsequently married a woman by the name of Lorraine. Millridge, Jr., died in March of 1997, and Millridge, Sr., died shortly thereafter in July 1997. Millridge, Sr., was survived by his second wife, Lorraine, and his grandchildren by Millridge, Jr. Title to the property was never conveyed to Lorraine. However, on or about October 29, 1999, Lorraine conveyed to Vedell Dickson what purports to be the entire title to the property by warranty deed. Vedell Dickson subsequently encumbered the property.

The appellees attached to their motion for summary judgment affidavits in support of the above-asserted facts. In particular, they also attached a certified copy of the redemption deed obtained after the payment of delinquent taxes and recorded in the real-estate records of Jefferson County, Arkansas.

### Redemption Deed

For its first point of appeal, GMAC contends that appellees failed to make a prima facie showing of entitlement to partition of the property as a matter of law and that the trial court therefore erred in granting them summary judgment. GMAC bases its argument on the fact that appellees "attached a redemption deed by which the Commissioner of State Lands conveyed fee title to the property to Vedell Dickson." GMAC now explains that the redemption deed was presented by appellees only as proof of their payment of taxes, and that they did not discuss the effect of the redemption deed on their claim of title. GMAC contends, although it did not do so below, that "the redemption deed has much greater significance than just being evidence of tax payments," and that "it is a conveyance of title and, as such, rebuts and contradicts petitioners' prima facie case of entitlement to summary judgment by creating a genuine issue of material fact as to whether their title is sufficient to support a partition." GMAC further contends that its failure to raise this argument below is of no moment because appellees failed to carry their burden of making a prima facie case, which meant that the burden of going forward to establish an issue of material fact never shifted to GMAC . We disagree.

In *Inge v. Walker*, 70 Ark. App. 114, 118-20, 15 S.W.3d 348, 351-52 (2000), which GMAC cites in support of its argument, our court explained:

Arkansas Rule of Civil Procedure 56(e) provides:

When a motion is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him. (Emphasis added.)

The Arkansas Supreme Court recently reviewed the law in regard to summary judgment in *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 991 S.W.2d 552 (1999):

In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the

evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party *resisting* the motion, and any doubts and inferences must be resolved *against the moving party*. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

338 Ark. at 45-46, 991 S.W.2d at 553 (quoting *Sublett v. Hipps*, 330 Ark. 58, 62, 952 S.W.2d 140, 142 (1997), quoting *Milam v. Bank of Cabot*, 327 Ark. 256, 261-62, 937 S.W.2d 653, 656 (1997)) (emphasis added). Once a moving party establishes prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact. *New Maumelle Harbor, supra.* Prima facie evidence is "[e]vidence good and sufficient on its face. Such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which *if not rebutted or contradicted*, will remain sufficient" Black's Law Dictionary, 1190 (6th. ed 1990) (emphasis added).

In *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999) (quoting *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998)), the supreme court explained further:

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all

doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

339 Ark. at 153-54, 3 S.W.3d at 686-87.

Summary judgment is not granted simply because the opposing party fails to respond to the motion for summary judgment. *See Brunt v. Food 4 Less, Inc.,* 318 Ark. 427, 885 S.W.2d 894 (1994), which held:

> Summary judgment should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Hickson v. Saig,* 309 Ark. 231, 828 S.W.2d 840 (1992). A summary judgment should not be granted where reasonable minds could differ as to the conclusions they could draw from the facts presented. *Lee v. Doe et al,* 274 Ark. 467, 626 S.W.2d 353 (1981). The burden of proving there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party *resisting the motion. Wyatt v. St. Paul Fire & Marine Ins.,* 315 Ark. 547, 868 S.W.2d 505 (1994). *Any doubts and inferences must be resolved against the moving party. Wyatt, supra; Pinkston v. Lovell,* 296 Ark. 543, 759 S.W.2d 20 (1988); *Cross v. Coffman,* 304 Ark. 666, 805 S.W.2d 44 (1991).
>
> The burden in a summary judgment proceeding is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue. *Wyatt, supra; Collyard v. American Home Assurance Co.,* 271 Ark. 228, 607 S.W.2d 666 (1980). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing genuine issue as to a material fact. *Wyatt, supra; Harrell v. International Paper Co.,* 305 Ark. 490, 808 S.W.2d 779 (1991).

318 Ark. at 429-30, 885 S.W.2d at 895-96 (emphasis added). When the proof supporting a motion for summary judgment is insufficient, there is no duty on the part of the opposing party to meet proof with proof. *Cash v. Lim,* 322 Ark. 359, 908 S.W.2d 655 (1995); *Wolner v. Bogaev,* 290 Ark. 299, 718 S.W.2d 942 (1986); *Collyard v. American Home Assurance Co.,* 271 Ark. 228, 607 S.W.2d 666 (1980). The failure to file counteraffidavits does not in itself entitle the moving party to a summary judgment. *However, the effect is to leave the facts asserted in the uncontroverted affidavit supporting the motion for summary judgment accepted as true for purposes of the motion.*

*Cameo Jewelry v. Sweetser,* 247 Ark. 477, 446 S.W.2d 228 (1969); *Ashley v. Eisele,* 247 Ark. 281, 445 S.W.2d 76 (1969).

(Emphasis added.)

■ The problem with GMAC's argument under this point is that GMAC did respond to appellees' motion for summary judgment, and in doing so it not only failed to raise the issue it now asserts on appeal, but acknowledged that the facts asserted by appellees were not disputed, the dispute being only over the applicable law relating to dower and curtesy. Although GMAC has developed a rather ingenious argument to excuse its failure to raise an issue concerning appellees' title below, we are not convinced by it. Under the circumstances of this case, appellees' attachment of the redemption deed to its motion for summary judgment did not undercut its prima facie showing of entitlement to partition of the property. Consequently, because this issue was not raised before the trial court, we do not address it in this appeal.

### Land-Sale Contract

For its second point of appeal, GMAC contends that its introduction of the unrecorded land-sale contract in its reply to its own cross-motion for summary judgment established a genuine issue of material fact that should have prevented the entry of summary judgment on appellee's behalf. We disagree.

Rule 56. Summary judgment, provides in pertinent part:

(c) Motion and Proceedings Thereon.

(1) The motion shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, depositions, answers to interrogatories and admissions on file, and affidavits. The adverse party shall serve a response and supporting materials, if any, within 21 days after the motion is served. The moving party may serve a reply and supporting materials within 14 days after the response is served. For good cause shown, the court may by order reduce or enlarge the foregoing time periods. *No party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise.* The court, on its own motion or at the request of a party, may hold a hearing on the motion not less than 7 days after the time for serving a reply. For good cause shown, the court may by order reduce the foregoing time period.

(2) The judgment sought shall be rendered forthwith *if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion.* A partial summary judgment, interlocutory in character, may be rendered on any issue in the case, including liability.

. . . .

(e) *Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*

(f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(Emphasis added.)

Here, GMAC injected the unrecorded land-sale contract into the summary-judgment process for the first time on February 24, 2006, in a letter to the trial court by which GMAC notified the trial court that the contract had been found. This was after GMAC had responded to appellees' motion for summary judgment without challenging any of the asserted facts and merely contending that Lorraine had conveyed a one-half fee simple interest in the property rather than a one-third life interest as argued by appellees. On February 27, 2006, GMAC attached the unrecorded land-sale contract, dated September 7, 1996, as an exhibit to its reply in its own cross-motion for summary judgment. The contract was not accompanied by any form of affidavit.

■ Thus, at the end of the day, what we have is an exhibit that was attached to GMAC's reply to its own cross-motion for summary judgment — with no supporting affidavit to establish its authenticity. In addition, GMAC submitted the land-sale contract after having acknowledged in response to appellees' motion for summary judgment that there were no genuine issues of material fact. We have concluded that under the circumstances of this case the land-sale contract was submitted too late, and it was not submitted in a proper fashion. Thus, it did not create a genuine question of material fact that would preclude the entry of summary judgment.

### *Section 28-11-301 versus Section 28-11-307*

For its final point of appeal, GMAC contends that the trial court erred in holding that Arkansas Code Annotated section 28-11-301 controls this case because the trial court should have applied section 28-11-307. We disagree.

Arkansas Code Annotated section 28-11-301 provides:

Land generally.

(a) *If a person dies leaving a surviving spouse and a child or children*, the surviving spouse shall be endowed of the third part of all the lands for life whereof his or her spouse was seized, of an estate of inheritance, at any time during the marriage, unless the endowment shall have been relinquished in legal form.

(b) A person shall have a dower or curtesy right in lands sold in the lifetime of his or her spouse without consent of the spouse in legal form against all creditors of the estate.

Section 28-11-307 provides:

Dower or curtesy when no children.

(a)(1) *If a person dies leaving a surviving spouse and no children*, the surviving spouse shall be endowed in fee simple of one-half (1/2) of the real estate of which the deceased person died seized when the estate is a new acquisition and not an ancestral estate and of one-half (1/2) of the personal estate, absolutely, and in his or her own right, as against collateral heirs.

(2) However, as against creditors, the surviving spouse shall be invested with one-third (1/3) of the real estate in fee simple if a new acquisition, and not ancestral, and of one-third (1/3) of the personal property absolutely.

(b) If the real estate of the deceased person is an ancestral estate, the surviving spouse shall be endowed in a life estate of one-half (1/2) of the estate as against collateral heirs and one-third (1/3) as against creditors.

(Emphasis added.)

Here, Millridge Dedrick, Sr., died leaving a surviving spouse but his only child, Millridge Dedrick, Jr., predeceased him. Millridge Dedrick, Jr., however, died leaving surviving children — Millridge, Sr.'s grandchildren. The opening clause of section 28-11-307 provides: "If a person dies leaving a surviving spouse and no children . . . ." The opening clause of section 28-11-301 provides: "If a person dies leaving a surviving spouse and a child or children . . . ." Thus, the meaning of the terms "child" and "children" in the quoted statutes is important in deciding this case because we have the interplay between the dower rights of Lorraine Dedrick and the descent and distribution rights of Millridge, Sr.'s grandchildren.

Approximately one hundred years ago, in *Starrett v. McKim*, 90 Ark. 520, 119 S.W. 824 (1909), our supreme court was faced with determining whether the word "children" included "grandchildren" in a predecessor dower statute, Kirby's Digest section 2709. The court concluded that it did. In all significant respects, that predecessor statute was the same as our current section 28-11-307. In *Starrett*, our supreme court described the controversy as one "between a widow on the one side and grandchildren of a decedent on the other, as to dower interest of the former in lands (not the homestead) left by said defendant. The widow claimed one-half of the land in fee simple, and the grandchildren insist that she takes only an estate for life in one-third of the land." The court framed the issue as, "Does the word 'children' as used in the statute include grandchildren?" In deciding that it did, the supreme court explained:

It must be conceded that the word "children," either in a popular or technically legal sense, does not include grandchildren, and its meaning is confined to descendants of the first degree; and

it is undoubtedly the rule that where this word is used in a statute it must be construed to mean only descendants of the first degree unless it is apparent from the context that a broader meaning was intended.

An analysis of the language of the entire section of the statute shows clearly that the word was used in the broad sense to include descendants of any degree, in contradistinction to collateral heirs. The purpose of the statute is to prescribe the dower interest of a widow as against collateral heirs, when there are no descendants, and as against creditors; and it is divisible into four separate provisions, the first two relating to land which was a new acquisition of the husband, and the last two to lands which were ancestral. The first provision is that, as against collateral heirs, the widow shall take one-half of the land in fee simple when it is a new acquisition, and one-half of the personal property; the second is that, as against creditors, she shall take one-third of such lands in fee simple, and one-third of the personal property; the third is that, as against collateral heirs, the widow shall take a life estate in one-half of the ancestral lands; and fourth, that, as against creditors, she shall take a life estate in one-third of such lands.

If any other construction be given to the word "children," the use of the words "as against collateral heirs" would be entirely superfluous, for under our statute of descents collateral heirs take nothing in any event when direct descendants of the decedent in any degree are left.

90 Ark. at 522-23, 119 S.W. at 824-25.

In 1994, our supreme court decided the case of *McCoy v. Walker*, 317 Ark. 86, 876 S.W.2d 252. *McCoy* involved homestead rights and the interpretation of Arkansas Code Annotated section 28-1-102(a)(1), which defines "child" under the probate code. Section 28-1-102(a)(1), provides: " 'Child' denotes a natural or adopted child, but does not include a grandchild or other more remote descendant or an illegitimate child except such as would inherit under the law of descent and distribution[.]" In *McCoy*, our supreme court concluded that the General Assembly did not intend for grandchildren to be included in the definition of "child" under section 28-1-102(a)(1) with respect to homestead rights, even though homestead rights are not part of the probate code. In addition, our supreme court concluded that the General

Assembly intended for the clause, "except such as would inherit under the law of descent and distribution," to only modify "illegitimate children."

In appealing the trial court's decision to this court, GMAC relies upon *McCoy*, *supra*, and appellees rely upon *Starrett*, *supra*. We acknowledge that in *McCoy*, *supra*, our supreme court applied the statutory definition of "child" from our probate code to a homestead situation, which is not covered by the probate code. However, we decline to apply that definition in the instant case involving dower, which is not included in the probate code either. Instead, we have concluded that *Starrett*, *supra*, remains good law and controls the instant case. We, therefore, affirm the trial court in its application of section 28-11-301 to the facts of this case.

Affirmed.

HEFFLEY and BAKER, JJ., agree.