Cite as 2021 Ark. App. 247

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV-20-311

| | |
|---|---|
| JANELLE SELLERS, AS TRUSTEE OF THE R&LD TRUST II; AND LUETTA DAWSON<br><br>APPELLANTS | OPINION DELIVERED: MAY 19, 2021<br><br>APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-18-154] |
| V. | |
| DAN FELTON III<br><br>APPELLEE | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Janelle Sellers, as trustee of the R&LD Trust II (the Trust); and Luetta Dawson appeal the December 19, 2019 order of the Lee County Circuit Court. They argue that the circuit court erred in (1) granting summary judgment in favor of Dan Felton III; and (2) in awarding pre- and postjudgment interest at the rate of 6 percent. We affirm.

### I. *Facts and Procedural History*

Felton, an attorney licensed to practice in Arkansas, filed a verified complaint against Sellers, as trustee of the R&LD Trust II, and against Luetta Dawson, alleging that they owed him fees in the amount of $14,573.17 for legal services performed on their behalf between November 2015 and April 2016 along with pre- and postjudgment interest. Sellers and Dawson filed a general-denial answer. Felton then filed a motion for summary judgment, attaching his own unsigned affidavit; his billing statement for $14,573.17; a signed affidavit from Brad J. Beavers (reviewing Felton's affidavit and statement for services rendered to

Sellers and Dawson); nine letters from Felton to Sellers, Dawson, and/or their attorney and accountant; and two emails to their accountant that were also unverified. Sellers and Dawson responded to the motion for summary judgment with a one-page, general-denial response, after which Felton filed a reply brief alleging that Sellers and Lawson had failed to meet proof with proof. Sellers and Dawson requested a hearing on Felton's motion for summary judgment, but that request was denied.

The circuit court granted summary judgment on December 19, 2019, for the $14,573.17 requested in Felton's complaint; prejudgment interest at 6 percent per annum in the amount of $3,235.24; postjudgment interest at 6 percent per annum, and costs and expenses in the amount of $300.36. On December 31, Sellers and Dawson filed a motion for reconsideration and a motion for specific findings of fact and a new trial. The circuit court did not rule on either of the motions, and they were deemed denied on January 30, 2020. Sellers and Dawson timely filed a joint notice of appeal from the December 19 summary-judgment order and the deemed denial of the posthearing motions on February 13.

## II. *Standard of Review and Applicable Law*

We recently reiterated our standard of review in summary-judgment cases:

> Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings but also on the affidavits and

2

other documents filed by the parties. As to issues of law presented, our review is de novo.

*Barrows/Thompson, LLC v. HB Ven II, LP*, 2020 Ark. App. 208, at 12–13, 599 S.W.3d 637, 646. When the proof supporting a motion for summary judgment is insufficient, there is no duty on the part of the opposing party to meet proof with proof. *Druyvestein v. Gean*, 2014 Ark. App. 559, at 6, 445 S.W.3d 529, 532. Summary judgment is not granted simply because the opposing party fails to respond to the motion. *Id.* at 6, 445 S.W.3d at 532.

A party seeking to recover on a claim may move with or without supporting affidavits for a summary judgement in his favor upon all or any part thereof. Ark. R. Civ. P. 56(a) (2019). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Ark. R. Civ. P. 56(e). The failure to file counteraffidavits does not in itself entitle the moving party to a summary judgment. *See GMAC Mortg. Corp. v. Farmer*, 101 Ark. App. 113, 270 S.W.3d 882 (2008). But the effect is to leave the facts asserted in the uncontroverted affidavit supporting the motion for summary judgment accepted as true for purposes of the motion. *Id.*

III. *Discussion*

A. Grant of Summary Judgment

Relying on the pleadings before it, the circuit court entered an order granting Felton's motion for summary judgment, stating, "The Court finds that proof must be met with proof . . . and this has not occurred." Sellers and Dawson assert that it is clear from the

3

order that the circuit court impermissibly shifted the burden from Felton, as the moving party, to them. It appears that Sellers and Dawson are actually arguing that Felton failed to meet his burden of proving a prima facie case and, accordingly, that the burden to meet proof with proof did not shift to them.

We disagree and note that the record before us is void of any indication that the circuit court wrongfully shifted the burden of proof. Instead, the circuit court correctly found that Felton had established a prima facie case for his claim for legal services rendered and that his proof of entitlement to summary judgment had to be met with proof by Sellers and Dawson, which did not occur. Felton stated in his verified complaint that Sellers and Dawson had failed to pay him—their long-standing attorney—a sum certain for work he had agreed to perform for them.

As further support of Felton's claim, attorney Beavers's affidavit—the substance of which is undisputed—sets out his belief that for an attorney with multiple decades of considerable experience in real estate transactions, and based on his experience and knowledge of the work that Felton had performed on behalf of Sellers and Dawson, the fee Felton charged them was reasonable compared to other lawyers with Felton's experience in Eastern Arkansas.

In response to the above-described evidence supporting Felton's claim, Sellers and Dawson failed to provide any proof that said services had not been performed to rebut Felton's claims. Accordingly, we hold that the circuit court did not erroneously shift the burden of proof in this matter.

4

Sellers and Dawson argue that the circuit court improperly considered unsworn documents that were attached as exhibits to Felton's motion for summary judgment. Arkansas Rule of Civil Procedure 56(e) states, in pertinent part:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies* of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

(Emphasis added.)

Sellers and Dawson cite *American Gamebird Research Education and Development Foundation, Inc. v. Burton*, 2017 Ark. App. 297, at 5, 521 S.W.3d 176, 178, in which this court reversed the grant of summary judgment in part on the basis of a letter that was neither under oath nor in the form of an affidavit. In that case, we explained:

> Pursuant to Rule 56(c) and (e), the circuit court may consider affidavits, depositions, admissions, and answers to interrogatories in summary-judgment proceedings. Where hearsay is offered, and would not be admissible at trial, the hearsay is not considered in the summary-judgment analysis. Stated differently, *all evidence submitted in the course of summary-judgment proceedings must be under oath.*

*Id.* (emphasis added) (internal citations omitted).

Sellers and Dawson correctly note that all but one of the exhibits presented by Felton in support of his motion for summary judgment were unsworn and thus improper to be considered by the circuit court. Exhibit 1 is styled "Affidavit" and purports to be Felton's affidavit, but it is neither signed nor notarized. Accordingly, Sellers and Dawson maintain that all statements in that affidavit as well as the supporting documents attached thereto are inadmissible and could not be considered in support of Felton's motion.

They claim that Felton relied almost entirely on his unsworn affidavit in his effort to meet his burden to show a prima facie case of breach of contract. Sellers and Dawson argue

5

that it was through this document that he attempted to prove the existence of a contract with them and the terms thereof and that Felton's brief in support of his motion for summary judgment closely tracks the statements contained in his unsworn affidavit.

Exhibits 3, 4, and 6–11 purport to be letters and emails from Felton, and exhibit 5 purports to be an email from a nonparty (accountant Bouchillon). Sellers and Dawson argue that none of these documents are sworn or certified and thus do not meet the requirements of Rule 56(e). They point out that exhibit 4 is the only one that even bears a signature, including exhibits 3, 6, 8a, 8b, 9, 10, and 11, which also purport to be letters from Felton. Sellers and Dawson urge that it was improper for the circuit court to consider any of these documents attached to the motion for summary judgment.

When hearsay is offered and would not be admissible at trial, the hearsay is not considered in the summary-judgment analysis. *Am. Gamebird*, 2017 Ark. App. 297, at 5, 521 S.W.3d at 178. Stated differently, all evidence submitted in the course of summary-judgment proceedings must be under oath. *Id*. However, we hold that this deficiency in Felton's pleadings is not fatal to his motion for summary judgment.

Although Sellers and Dawson are correct that Felton's affidavit is not sworn, that is not fatal to his motion because Rule 56 does not require a moving party to file a supporting affidavit. *See Regions Bank & Trust, NA v. Stone Cnty. Skilled Nursing Facility, Inc.*, 73 Ark. App. 17, 20, 38 S.W.3d 916, 919 (2001). Moreover, some of the statements made by Felton in his unsigned affidavit are included in his verified complaint, which he did sign. The allegations in Felton's complaint are sufficient to support the existence of an oral contract: (1) the existence of an implied oral contract; (2) Felton's performance under that contract—

legal services; (3) Seller's and Dawson's breach—failure to pay; and (4) Felton's resulting damages. *See Barrows/Thompson, LLC*, 2020 Ark. App. 208, at 15, 599 S.W.3d at 647.

Further, Brad Beavers's sworn affidavit supports Felton's claim for summary judgment, despite the argument by Sellers and Dawson that it fails to state a prima facie case for breach of contract. Sellers and Dawson submit that Beavers, who provided the only sworn testimony attached to Felton's motion for summary judgment, asserted no personal knowledge of the existence of a contract or any obligation of Sellers and Dawson under said contract. They urge that Beavers did not, and cannot, provide either evidence regarding either party's failure to perform any obligations under an alleged contract or any resulting damages.

Despite Beavers's statements that he believes Felton's rate and the time claimed for the legal work are reasonable and that Felton has an excellent reputation, Sellers and Dawson maintain that those assertions do not prove a meeting of the minds between Felton and Sellers and Dawson regarding the alleged scope of legal work or the associated fees.

Beavers refers to a prior case in which Felton represented the Dawson entities:

> I can further confirm the longstanding relationship between the various Dawson entities and [Felton], as our firm was involved in protracted litigation, between the Brent and Dawson entities relating to Sycamore Bend, over much of the time from about 2000 to the time the negotiations began and during that time, while [Felton] was never the lead litigator for the Dawson entities, he was always a Dawson attorney, involved in most negotiations or settlement discussions.

Sellers and Dawson argue that his affidavit does not state any knowledge, either personal or hearsay, regarding the terms of such representation. When read in conjunction with Felton's verified complaint, Beavers's affidavit confirms that Felton was a long-time attorney for the Dawsons and their Trust (of which Sellers is the trustee), that Felton devoted a substantial

7

amount of legal work for Sellers on the trust matter, and that the amount of attorney's fees sought by Felton was reasonable.

What is required when a movant for summary judgment makes a prima-facie showing of entitlement is that the respondent meet proof with proof by showing genuine issue as to a material fact. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). A response to a motion for summary judgment that merely states conclusions is not sufficient. *See* Ark. R. Civ. P. 56(e); *Mount Olive Water Ass'n v. City of Fayetteville*, 313 Ark. 606, 609, 856 S.W.2d 864, 865 (1993). The response and supporting materials must set forth specific facts showing that there is a genuine issue for trial. *Id.*

We likewise hold that the circuit court did not err in finding that there is no material question of fact regarding Felton's claim for payment of fees for his representation of Sellers and Dawson, as evidenced by Felton's verified complaint and Beavers's sworn affidavit. It is undisputed that Felton's complaint was verified under oath and alleged that Sellers and Dawson had failed to pay their legal bill of $14,573.17. Beavers reviewed Felton's affidavit and the associated legal bill undisputedly requested by Sellers's and Dawson's accountant, and he opined that the amount charged to be reasonable.

There was no proof presented by Sellers and Dawson to rebut Felton's claims in their response to his motion for summary judgment; specifically, they failed to submit any argument that Felton failed to provide proof of the elements of a contract between the parties. We hold that, even excluding the unsworn documents attached to Felton's motion for summary judgment, the circuit court did not err determining that the verified complaint filed by Felton, considered in conjunction with Beavers's sworn affidavit, established the existence of an implied oral contract between the parties for the amount of fees charged.

8

Further, because Sellers and Dawson failed to meet proof with proof in their response to Felton's motion for summary judgment, we hold that the circuit court did not err in granting Felton's motion.

### B. Award of Pre- and Postjudgment Interest of 6 Percent

Sellers and Dawson next argue that in the event the order granting Felton's motion for summary judgment is not set aside in its entirety, the order still must be reversed with respect to an illegal rate of pre- and postjudgment interest. The circuit court's order states:

> The court awards [Felton] judgment against [Sellers and Dawson] for their relief sought in the amount of $14,573.17, plus prejudgment interest at 6% per annum which is $3,235.24, post judgment interest at 6% per annum, and for costs . . . .

Sellers and Dawson explain that in 2019, the Arkansas Legislature amended Arkansas Code Annotated section 16-65-114 (Supp. 2019), as follows:

> [A] judgment entered by a court shall bear post-judgment interest and, if appropriate under the facts of the case, prejudgment interest:
>
> (A) In an action on a contract at the rate provided by the contract or at a rate equal to the Federal Reserve primary credit rate in effect on the date on which the judgment is entered plus two percent (2%), whichever is greater.

Ark. Code Ann. § 16-65-114(a)(1).

The order at issue was entered on December 19, 2019. Sellers and Dawson submit that the Federal Reserve primary credit rate in effect on that date was 2.25 percent. Neither Felton's complaint nor his motion for summary judgment contains any allegation that the parties had a contract that provided for a rate of pre- or postjudgment interest. Accordingly, they argue that the maximum rate of interest that could be awarded pursuant to the applicable statute was 4.25 percent, and the circuit court's grant of an award of 6 percent pre- and postjudgment interest must be reversed.

9

Felton responds arguing that there was no error in the award of 6 percent pre- and postjudgment interest. Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Perkins v. Cedar Mountain Sewer Improvement Dist.*, 360 Ark. 50, 199 S.W.3d 667 (2004). If prejudgment interest may be collected at all, "the injured party *is always entitled to it as a matter of law.*" *T.B. of Blytheville v. Little Rock Sign & Emblem*, 328 Ark. 688, 697, 946 S.W.2d 930, 934 (1997) (emphasis added).

We hold that Sellers and Dawson failed to preserve this issue for our review. After the summary-judgment order was entered, Sellers and Dawson had the opportunity to raise the6-percent-interest argument in their motions for reconsideration/new trial. Because the circuit court was never presented with the opportunity to address the argument regarding the applicable statute now being advanced by them, we do not address the issue. *See Stilley v. UA Fort Smith*, 374 Ark. 248, 287 S.W.3d 544 (2008).

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Stoner Law PLLC*, by: *William Kyle Stoner*, for appellants.

*Felton & Smith, Attorneys at Law*, by; *T. Benton Smith, Jr.*, for appellee.